PER CURIAM.
In his second appearance here[1] Williams appeals denial of his petition for post-eon-viction relief pursuant to Rule of Criminal Procedure 3.850. The denial was without an evidentiary hearing. In his petition Williams alleges that a tape of a conversation in his home was admitted into evidence at his trial, violating the dictates of State v. Sarmiento, 397 So.2d 643 (Fla.1981) and Hoberman v. State, 400 So.2d 758 (Fla.1981). If Sarmiento and Hoberman issues are available in a motion for post-conviction relief the cause must be remanded for an evidentiary proceeding on these allegations.
While questions of admissibility of evidence are not ordinarily appropriate for petitions for post-conviction relief, this case presents a more subtle problem. In the two cases above, the Florida Supreme Court announced a new interpretation of the Florida Constitution. Certain changes in constitutional doctrine give rise to a claim for Rule 3.850 relief. We are of the opinion that the change announced in the above cases is not available to this petitioner and affirm.
Ideally, the retroactive effect of a decision changing constitutional doctrine is announced in the same decision. This is particularly important since the comment in Benyard v. Wainwright, 322 So.2d 473 (Fla.1975), that the Florida Supreme Court has the sole power to determine the retroactive effect of its decisions. Unfortunately the Sarmiento and Hoberman opinions give no guidance on this point. We must therefore rule on this issue. We certify the following question as one of great public importance:
Does the rule of exclusion announced in State v. Sarmiento, 396 So.2d 643 (Fla.1981), and Hoberman v. State, 400 So.2d 758 (Fla.1981), provide grounds for post-conviction relief when raised for the first time in a Rule 3.850 proceeding by a defendant whose conviction became final before these decisions were filed? [2]
In determining the availability of Sarmiento issues in 3.850 petitions we are guided by the opinion in Witt v. State, 387 So.2d 922 (Fla.1980). In that opinion our Supreme Court set out the test of when a change in decisional law requires reversal of a once valid conviction. • First, that change must, as it does here, come from the state or federal supreme court. Second, the change must be, as it is here, constitutional in nature. Third, the change must be of fundamental significance. The change may not be merely an evolutionary refinement in the criminal law but rather a “jurisprudential upheaval.” The significance of a change must be decided case by case, balancing the desire for uniformity for the criminal defendant against the well recognized need for decisional finality.
It is our opinion that Sarmiento is merely a refinement in the criminal law. The case is an initial interpretation of Article I Section 12 of the Florida Constitution. It is not a revolution in Fourth Amendment Law. The opinion in Sarmiento does not suggest that the Supreme Court considers it a jurisprudential upheaval. The new rule does not call into question the integrity of the trial nor the veracity of the evidence. The jurisdiction of the courts and the criminality of Williams’ action is unchanged. As noted in Witt at page 929 emergent rights providing new standards for the admissibili *1248 ty of evidence do not call for Rule 3.850 relief. We feel that Sarmiento is just such a case.
The order is AFFIRMED; question CERTIFIED.
MILLS, ERVIN and LARRY G. SMITH, JJ., concur.

. Williams v. State, 377 So.2d 755 (Fla. 1st DCA 1979).

. The record does not conclusively show that a Sarmiento violation occurred here. The State asserts that the informant, Walker, who carried the bugging device by means of which appellant’s statements were taped-recorded by a sur-veiling officer, was standing outside the door of appellant’s home during the recorded conversation. The State’s position is supported, by inferences drawn from the testimony of the informant, but the issue was not directly addressed in the testimony. Since the facts were not clearly developed on this issue, and in view of appellant’s categorical declaration that the recording was made from within his home, we would consider this a factual issue requiring an evidentiary hearing in event the certified question is answered in the affirmative.