421 So.2d 512 (1982)
James WILLIAMS, Petitioner,
v.
STATE of Florida, Respondent.
No. 61582.
Supreme Court of Florida.
October 28, 1982.
*513 Charles G. Brackins of the Law Offices of Meldon & Brackins, Gainesville, for petitioner.
Jim Smith, Atty. Gen., and Gregory C. Smith, Asst. Atty. Gen., Tallahassee, for respondent.
McDONALD, Justice.
The First District Court of Appeal has certified the following question as being of great public importance:
Does the rule of exclusion announced in State v. Sarmiento, 397 So.2d 643 (Fla. 1981), and Hoberman v. State, 400 So.2d 758 (Fla. 1981), provide grounds for post-conviction relief when raised for the first time in a Rule 3.850 proceeding by a defendant whose conviction became final before these decisions were filed?
Williams v. State, 406 So.2d 1246, 1247 (Fla. 1st DCA 1981) (footnote omitted). We have jurisdiction[1] and answer the certified question in the negative.
Williams was charged with two violations of section 893.13 Florida Statutes (1977): (1) possession and (2) sale of marijuana. He was convicted of both charges and on March 5, 1979 was sentenced to five years on each count, the sentences to run concurrently. On appeal the district court reversed the conviction for possession but affirmed the conviction for the sale of marijuana.[2] This Court denied certiorari,[3] and Williams filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Florida. That court dismissed the writ for failure to exhaust state remedies.
Williams then filed a petition for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, alleging that the trial court admitted into evidence a tape recording of a conversation in his home in violation of State v. Sarmiento, 397 So.2d 643 (Fla. 1981). He contends that the confidential informant involved in the sale of marijuana wore a recording device and illegally taped their conversations held inside Williams' home, without a warrant and without his knowledge or consent.[4] The trial court denied the petition and the district court affirmed, certifying the question to this Court.
The basis of the certified question is whether our decision in Sarmiento should be applied retroactively to cases that were final at the time Sarmiento was rendered. Sarmiento held that "the warrantless, electronic interception by state agents of a conversation between defendant and an undercover police officer in defendant's home is an unreasonable interception of defendant's private communications in violation of article I, section 12, Florida Constitution." Id. at 644. We have applied Sarmiento to cases not yet final when it was rendered, see Hoberman v. State, 400 So.2d 758 (Fla. 1981), but have not dealt with its retroactive application to finalized cases.
The standard applicable in determining whether a judicial decision announcing a change in the law is to be applied retroactively is found in Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). In Witt the defendant sought post-conviction relief from his conviction of first-degree murder and sentence of death. The petition alleged six different changes in the law since the *514 conviction and asserted the right to obtain the benefits of the subsequent, favorable case law developments relating to capital punishment and to criminal law in general. In denying relief this Court held that "an alleged change of law will not be considered in a capital case under Rule 3.850 unless the change: (a) emanates from this Court or the United States Supreme Court, (b) is constitutional in nature, and (c) constitutes a development of fundamental significance." Id. at 931 (emphasis in original).
This Court went on to state that most of the law changes of "fundamental significance" will fall within two broad categories:
The first are those changes of law which place beyond the authority of the state the power to regulate certain conduct or impose certain penalties. This category is exemplified by Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977), which held that the imposition of the death penalty for the crime of rape of an adult woman is forbidden by the eighth amendment as cruel and unusual punishment. The second are those changes of law which are of sufficient magnitude to necessitate retroactive application as ascertained by the three-fold test of Stovall [v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967)] and Linkletter [v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965)]. Gideon v. Wainwright, [372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963),] of course, is the prime example of a law change included within this category.
In contrast to these jurisprudential upheavals are evolutionary refinements in the criminal law, affording new or different standards for the admissibility of evidence, for procedural fairness, for proportionality review of capital cases, and for other like matters. Emergent rights in these categories, or the retraction of former rights of this genre, do not compel an abridgment of the finality of judgments. To allow them that impact would, we are convinced, destroy the stability of the law, render punishments uncertain and therefore ineffectual, and burden the judicial machinery of our state, fiscally and intellectually, beyond any tolerable limit.
387 So.2d at 929-30 (footnotes omitted).
In denying Witt's petition, the court found that three of the alleged law changes were nonconstitutional, evolutionary developments in the law, one alleged change was from an intermediate federal court and therefore ineligible for consideration, the fifth was not a "change of law" because it was not a precedent, and the sixth change was dismissed on factual grounds.
While the rule 3.850 motion in Witt concerned a capital conviction, the standards established in Witt are fully applicable to noncapital cases. In the instant case the district court found that Sarmiento constituted merely a refinement in the criminal law insufficient to warrant retroactive application to Williams' conviction.[5]
Williams' challenge meets the first two requirements, that is, the decision in Sarmiento came from this Court and concerned the interpretation of Article I, Section 12 of the Florida Constitution. In determining whether Sarmiento constitutes a development of fundamental significance we apply the three-fold test established by the United States Supreme Court in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), and adopted in Witt. The three relevant criteria for deciding fundamental significance are: (1) the purpose to be served by the particular new rule; (2) the extent of reliance which has been placed upon the old rule; and (3) the effect on the administration of justice of a retroactive application of the new rule. 388 U.S. at *515 297, 87 S.Ct. at 1970. See Annot. 22 L.Ed.2d at 825 (1970).
The purpose to be served by the rule announced in Sarmiento is to deter illegal police action. An important consideration is that the exclusion of the illegally obtained evidence would not enhance the reliability of the fact-finding process as such evidence is relevant and reliable. The rule has no bearing on guilt and did not involve an attack on the fairness of the trial because the rule is based on the necessity for an effective deterrent to illegal police action. The purpose of the new rule can be achieved without applying the rule retroactively.
In determining the extent of reliance on pre-Sarmiento law we look to the law in effect at the time of the decision. As pointed out by Justice Alderman in his dissent to Sarmiento, in recording the conversations the police acted in accordance with section 934.03(2)(c), Florida Statutes (1977), and the United States Supreme Court has held that it is not an unreasonable or unconstitutional search and seizure for an agent to record the conversations he was a party to. United States v. Caceres, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979); United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971). It was reasonable, therefore, for the officers to rely upon pre-Sarmiento law. That significant reliance has been placed on the old rule is an important factor supporting prospective application of the new rule.
The effect on the administration of justice of a retroactive application of the new rule also strongly supports prospective application. Exclusion of evidence seized before Sarmiento would increase the burden of the administration of justice by requiring hearings on excluding evidence possibly long since destroyed, misplaced, or deteriorated, and, if excluded, witnesses available at the time of the original trial may not be available or, if located, their memory might be dimmed. Retroactivity would overturn convictions based on fair reliance upon pre-Sarmiento decisions and would exclude evidence that is relevant and reliable without serving as a deterrent to similar surveillance in the future.
Therefore, we agree with the district court that Sarmiento is not a decision of fundamental significance requiring its retroactive application to cases that were final when the decision was rendered.[6] The certified question is answered in the negative, and the decision of the district court is approved.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON and EHRLICH, JJ., concur.
NOTES
[1] Art. V, § 3(b)(4), Fla. Const.
[2] 377 So.2d 755 (Fla. 1st DCA 1979).
[3] 385 So.2d 762 (Fla. 1980).
[4] The record does not conclusively show that a Sarmiento violation occurred. The state asserts that the informant who wore the bugging device was standing outside the door of Williams' home during the recorded conversation. The district court indicated that the state's position was supported by inferences drawn from the testimony of the informant, but the issue was not directly addressed in the testimony and, so, would require an evidentiary hearing if the certified question were answered in the affirmative. 406 So.2d at 1247, n. 2.
[5] Williams contends that Sarmiento was "foreshadowed, if not preordained," by Tollett v. State, 272 So.2d 490 (Fla. 1973), and Markham v. Markham, 272 So.2d 813 (Fla. 1973), making the Witt analysis inapplicable because of Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968). In Barber the Supreme Court did not use the Stovall test but justified retroactivity on the basis that the decision was "foreshadowed, if not preordained" by an earlier decision. We do not agree that Sarmiento was foreshadowed by Markham or Tollett.
[6] The recent United States Supreme Court decision of United States v. Johnson, ___ U.S. ___, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982) (No. 80-1608), is inapplicable because it is limited to changes of law affecting the fourth amendment to the United States Constitution. Additionally, Johnson is not a post-conviction relief case, and the Court specifically refrained from considering collateral attacks on fourth amendment issues.