429 So.2d 366 (1983)
Ricky Lee PRATT, Appellant,
v.
STATE of Florida, Appellee.
No. AL-439.
District Court of Appeal of Florida, First District.
March 15, 1983.
Rehearing Denied April 20, 1983.
Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
A jury found appellant guilty of the offense of introducing into or upon the grounds of a correctional institution contraband, in violation of Section 944.47(1)(a)4, Florida Statutes. The instructions given to the jury, to which appellant admittedly did not object, were as follows:
Now, the essential elements of this offense which must be proved beyond a reasonable doubt before there can be a conviction in this case is that Ricky Lee Pratt, the defendant, did introduce into or upon the grounds of a correctional institution, contraband; that the contraband was cannabis; and that Baker Correctional Institution is a correctional or penal institution operated by the Department of Corrections.
This appeal from the resulting adjudication and sentence raises primarily the question of whether the omission from the jury charge of an instruction as to knowledge of possession, held in Williams v. State, 413 So.2d 1263 (Fla. 1st DCA 1982) to be an essential element of this type of crime, constitutes fundamental error. We hold that under the circumstances of this case it does not.
For an error to be so fundamental that it may be first raised on appeal, the asserted error must amount to a denial of an essentially fair trial. Williams v. State, *367 400 So.2d 542 (Fla. 3d DCA 1981). On the face of the matter, we cannot see that appellant's right to due process was compromised in any way by the failure to tell the jury that the state must prove something which in fact had essentially gone undisputed. As recognized by our sister court in Williams, the failure to instruct the jury specifically as to essential elements of the crime are to be measured by the standard of the presence or absence of serious prejudice. The main concern under these circumstances, when faced with a question of possible fundamental error, is whether a complete instruction would have resulted in a different verdict. Id., at 546-547.
We cannot say, after a careful study of the trial transcript, that a complete instruction on knowledge would have resulted in a different verdict. We are satisfied in light of the evidence presented to the jury, that the omission here was harmless.
Since appellant's second point is also without merit, see e.g., Topley v. State, 416 So.2d 1158, 1160 (Fla. 4th DCA 1982), the judgment under review is, for these reasons,
AFFIRMED.
BOOTH and NIMMONS, JJ., concur.