532 So.2d 19 (1988)
STATE of Florida, Appellant,
v.
Brady AUSTIN, Jr., Appellee.
No. 87-1443.
District Court of Appeal of Florida, Fifth District.
September 1, 1988.
Robert A. Butterworth, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellant.
Marc L. Lubet, Lubet & Woodard, P.A., Orlando, for appellee.
DANIEL, Judge.
The state appeals an order granting Brady Austin's second motion for post conviction relief, setting aside the judgment and sentence entered on August 30, 1985, and granting a new trial. We reverse.
Austin was charged by information with trafficking in cocaine in violation of section 893.135(1)(b), Florida Statutes (1983). After a jury trial, he was found guilty and judgment and a thirty year prison sentence entered. Upon appeal, the trial court judgment was affirmed without opinion. Austin v. State, 491 So.2d 1148 (Fla. 5th DCA 1986). Thereafter, a first motion for post *20 conviction relief was denied. Austin subsequently filed a second motion for post conviction relief relying on State v. Dominguez, 509 So.2d 917 (Fla. 1987) and maintaining that the trial court committed fundamental error by failing to instruct the jury that an element of the charge was the defendant's knowledge that the substance was cocaine[1]. Austin contended that he had requested such an instruction during the trial, that Dominguez was not decided until after the denial of his first motion for post conviction relief, and that he had not raised this issue on direct appeal because of the difference in the law at that time. The trial court agreed and granted the second motion for post conviction relief.
The state concedes that if State v. Dominguez represents a fundamental change in the law, the trial court was correct in retroactively applying that decision and considering Austin's second motion for post conviction relief. Fundamental error has been defined as that "which goes to the foundation of the case or goes to the merits of the cause of action." Ray v. State, 403 So.2d 956 (Fla. 1981). A change in the law through a judicial decision will not be considered fundamental unless it:
1. Emanates from the Florida Supreme Court or the United States Supreme Court
2. Is constitutional in nature and
3. Constitutes a development of fundamental significance rather than an evolutionary refinement.
Witt v. State, 387 So.2d 922 (Fla. 1980).
The Florida Supreme Court has determined that there are three essential considerations in determining whether a new rule of law is fundamental so as to be applied retroactively. Witt, 387 So.2d at 926.[2] These considerations are:
a. The purpose to be served by the new rule;
b. The extent of reliance on the old rule; and
c. The effect on the administration of justice of a retroactive application of the new rule.
Nevertheless, all constitutional rights affected by changes in the law are not fundamental. Compare Williams v. State, 421 So.2d 512 (Fla. 1982); Clark v. State, 363 So.2d 331 (Fla. 1978). Only those which are major constitutional changes of law resulting in fundamentally significant developments may be raised initially on a motion for post conviction relief. State v. Washington, 453 So.2d 389 (Fla. 1984).
In the present case, judgment and sentence were entered against Austin on August 30, 1985, for violation of section 893.135(1)(b) which provided that:
Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, twenty-eight grams or more of cocaine as described in section 893.03(2)(a)(4) or of any mixture containing cocaine is guilty of a felony of the first degree which felony shall be known as "trafficking in cocaine." ...
The Florida Standard Jury Instructions in Criminal Cases at that time provided that the state must prove that:
1. The defendant knowingly sold, delivered or possessed a certain substance.
2. The substance was cocaine or a mixture containing cocaine.
3. The quantity of the cocaine involved twenty-eight grams or more.
By its decision in State v. Dominguez, 509 So.2d at 918, on June 16, 1987, the Florida Supreme Court amended the standard jury instructions to require that knowledge of the nature of the substance be specifically set forth as an element of the offense.
Previously, this court had held that the state need not prove the defendant's specific *21 knowledge that he was selling an amount to satisfy the trafficking statute noting it sufficient that the defendant knew he was selling cocaine. Wiesenberg v. State, 455 So.2d 633 (Fla. 5th DCA 1984). In response to a certified question from this court, the supreme court held that knowledge of the weight was not an essential element of the crime of trafficking in cocaine. Way v. State, 475 So.2d 239 (Fla. 1985). Nevertheless, the Florida Supreme Court agreed with this court that:
knowledge of the nature of the substance possessed is an essential element to the crime of trafficking in cocaine under section 893.135(1)(b)(1). The statute requires "knowing" possession of cocaine and therefore lack of knowledge that the substance is cocaine would be a defense.
475 So.2d at 239-240. The supreme court's decision in Way approved the standard instructions as supplemented by the trial court to include the knowledge of substance possessed, that is, that the state must prove that the defendant knew the substance was cocaine. Way v. State, 475 So.2d at 241.
In Dominguez v. State, this court directly addressed the adequacy of the standard jury instructions. At trial, the only real issue was whether Dominguez had knowledge of the substance possessed. Relying on Way, this court held that the standard jury instructions failed to adequately instruct on that essential element of Dominguez' crime. Dominguez was given a new trial since the absence of his requested instruction as to the necessity of proving his knowledge that the substance was cocaine was clearly prejudicial.[3] The following question was certified to the Florida Supreme Court resulting in the decision whose retroactive application is at issue here:
DOES THE CURRENT STANDARD JURY INSTRUCTION ON TRAFFICKING IN COCAINE SUFFICIENTLY INSTRUCT THE JURY THAT TO CONVICT A DEFENDANT UNDER THE STATUTE ONE OF THE ELEMENTS THAT THE STATE MUST PROVE IS THAT THE DEFENDANT KNEW THAT THE SUBSTANCE IN WHICH HE TRAFFICKED WAS COCAINE?
This court's opinion was approved and the question answered in the negative. State v. Dominguez, 509 So.2d at 918. The knowledge of the weight situation was distinguished by the Court. The fact that mens rea is an essential element of all trafficking offenses required modification of the standard jury instructions. Id. The court did not state whether the amended instructions were to be applied retroactively or that the change amounted to a "fundamental jurisprudential upheaval" in the law.
Had the Supreme Court determined that it was appropriate to retroactively apply the changes, it could have so directed. Although the decision is from an appropriate court and is arguably constitutional in nature, it is not a development of fundamental importance, but rather an evolutionary refinement in the law as the preceding review indicates. Further, application of the considerations set out in Witt do not support Austin's contention or the trial court's conclusion that Dominguez is a fundamental change. Admittedly, the purpose of the change  to preclude the possibility of misleading juries to convict defendants merely because they possessed a substance whether or not they knew it was cocaine  would in some instances be served. Nevertheless, in spite of the case law developing in the area, there had been extensive reliance on the standard instructions. Additionally, retroactive application would increase the burden on the administration of justice.
Even if Dominguez represents a fundamental change in the law, that change is not per se fundamental error. See, e.g., Tafero v. State, 459 So.2d 1034 (Fla. 1984). Cf. State v. Johnson, 483 So.2d 420 (Fla. 1986); Ray v. State, 403 So.2d 956 (Fla. 1981). Within the circumstances of this case, no fundamental error exists. *22 Knowledge of the nature of the substance was not an issue in Austin's trial and his defense was based on entrapment.
In Morton v. State, 459 So.2d 322 (Fla. 3rd DCA 1984), the defendant did not dispute a robbery, but relied on a misidentification defense. The trial court failed to instruct the jury on any of the elements of the crime itself. The district court held that failure to instruct as to an element of crime which is undisputed is not fundamental error. In Pratt v. State, 429 So.2d 366 (Fla. 1st DCA 1983), the failure to instruct on a knowledge of possession element determined to be essential did not constitute fundamental error when the missing element had not been in dispute and a complete instruction would not have resulted in a different verdict.
In Williams v. State, 400 So.2d 542 (Fla. 3rd DCA 1981), failure of the standard jury instructions on robbery to include the intent element was considered. There was, however, no jury issue regarding that element. The court held that omission of an element of a crime does not automatically result in fundamental error. Only omissions material to what must be considered by the jury in order to convict are fundamental error:
[I]t clearly cannot be said that a defendant's right to due process  that is, to an essentially fair trial ... is compromised in any way by the failure to tell the jury that the state must prove something which undisputedly has in fact been established.
Williams, 400 So.2d at 544.
Although Williams and Pratt were distinguished by this court in Dominguez, that fails to benefit this defendant as that distinction relied upon the fact that knowledge of the substance was, indeed, an issue in Dominguez' trial. Therefore, its absence was clearly prejudicial. Similarly, the fact that a jury instruction was misleading and had the effect of negating the only defense of the defendant was relied upon by the court in Carter v. State, 469 So.2d 194 (Fla. 2d DCA 1985) to find fundamental error.
In contrast is the situation now before this court. The defense of entrapment presupposes that the defendant committed the act. Sassnett v. State, 156 Fla. 490, 23 So.2d 618 (1945); Pearson v. State, 221 So.2d 760 (Fla. 2nd DCA 1969); Ivory v. State, 173 So.2d 759 (Fla. 3rd DCA 1965). Austin clearly relied on entrapment as his defense. No attempt at all was made to defend by even a hint that Austin did not know the substance was cocaine.
Austin argues that the fact he never testified distinguishes the cases cited. That argument lacks merit as evidence elicited on cross-examination may be sufficient to instruct on a defense established by that testimony. See Mellins v. State, 395 So.2d 1207 (Fla. 4th DCA 1981). Austin's counsel cross examined witnesses regarding this defense. He sought a directed verdict on it at the close of the state's case. Defense counsel argued entrapment on opening and closing statements and successfully fought for an entrapment instruction.
Since the purpose of the changed jury instructions in Dominguez is to avoid misleading juries, retroactive application in this case is unnecessary. The jury was not misled by the failure of the trial court to allow the instructions on the knowledge of the substance. Here, as in Pratt, a complete instruction would have made no difference in the outcome of the trial. Austin was not prejudiced and no fundamental error occurred even if Dominguez is a fundamental change in the law.
Austin argues that he did not waive his right to have complete instructions of all the elements in his case as his counsel requested jury instructions which would have met the Dominguez requirements.[4] The fact that Austin did not raise the matter on direct appeal, however, places him in the same position as those defendants who fail to object at trial. He now must show fundamental error or a change in the law *23 to raise the matter on a post conviction motion. For the reasons previously discussed, we find that he has failed.[5]
We reverse the order granting a new trial and remand for reinstatement of the judgment and sentence entered on August 30, 1985.
REVERSED and REMANDED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] The first motion was denied on April 8, 1987. Dominguez v. State was not decided by the Florida Supreme Court until June 18, 1987. It was, however, a response to a certified question by this court in Dominguez v. State, 492 So.2d 1187 (Fla. 5th DCA 1986).
[2] The standards delineated in Witt apply also to noncapital cases. Williams v. State, 421 So.2d 512 (Fla. 1982).
[3] This court's decision in Dominguez v. State was rendered on August 21, 1986 prior to Austin's first motion for post conviction relief filed on December 30, 1986.
[4] The two requested instructions relied upon by Austin include one with a "knowingly" modifying only the possession element and one with an awareness of the "illicit nature of the contraband" element.
[5] Because the asserted basis for post conviction relief is a fundamental change in the law, this court's Dominguez opinion could not have been grounds in Austin's first motion for post conviction relief as only decisions from the Florida Supreme Court or the United States Supreme Court are valid for that purpose. Witt, 387 So.2d at 930.