750 So.2d 109 (1999)
STATE of Florida, Appellant,
v.
William Joseph OEHLING, Appellee.
No. 99-1510.
District Court of Appeal of Florida, Fifth District.
December 23, 1999.
*110 Robert A. Butterworth, Attorney General, Tallahassee, and Denise O. Simpson, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellee.
GRIFFIN, J.
The State of Florida appeals the order granting William J. Oehling's ["Oehling"] motion for post-conviction relief.
On March 25, 1992, the State charged Oehling by Amended Information with three counts of battery on three separate law enforcement officers, three counts of resisting the three separate officers with violence, and driving under the influence. On July 29, 1992, a jury found Oehling guilty as charged on two of the three counts of battery on a law enforcement officer, guilty of the lesser included offense of battery on the other, and guilty as charged on the remaining offenses. On August 20, 1992, the trial court sentenced him to time served on the battery charge in addition to consecutive terms of five years imprisonment and five years probation on the remaining charges. This court affirmed his judgment and sentence on September 8, 1992.
On January 26, 1999, Oehling filed a motion for post-conviction relief claiming the retroactive effect of a change in decisional law regarding his convictions for resisting an officer with violence. Specifically, he claimed that under the supreme court's recent decision in Wallace v. State, 724 So.2d 1176 (Fla.1998), he could only be convicted of one count of resisting an officer with violence based on one continuing episode. The trial court conducted a hearing on May 6, 1999, and granted Oehling's motion.
The State contends that the trial court erroneously vacated Oehling's convictions for resisting an officer with violence based upon an incorrect retroactive application of the supreme court's holding in Wallace. There, the supreme court held that the defendant could be convicted of only one count of resisting arrest with violence when his altercation with two police officers occurred in the course of his continuous resistance to an ongoing attempt to effect his arrest. Wallace, 724 So.2d at 1181.
The supreme court analyzed the language of section 843.01, Florida Statutes,[1] in light of its earlier opinions in Grappin v. State, 450 So.2d 480 (Fla.1984) and State v. Watts, 462 So.2d 813 (Fla.1985):
We find that this conflict may be resolved in accordance with our decisions in Grappin v. State, 450 So.2d 480 (Fla. 1984), and Watts. In Grappin the defendant was convicted of five separate acts of larceny for stealing five firearms during the commission of a burglary. Focusing on the language of the statute at issue, particularly the word "a" in prefacing the word "firearm," we held that use of the term "`a firearm' ... clearly shows that the legislature intended to make each firearm a separate unit of prosecution." 450 So.2d at 482. In so holding, we recognized that federal courts have held that use of the word *111 "any," on the other hand, renders the meaning of the statute ambiguous, and in that instance, "several firearms taken at the same time must be treated as a single offense." Thus, we acknowledged a critical difference between the use of the words "a" and "any" in construing the legislative intent of a statute.
In Watts we followed the reasoning and analysis in Grappin. In Watts, the defendant was charged with two counts of possessing two prison-made knives at the same time. The statute made it unlawful for any person to "introduce" or "possess" while upon the grounds of any state correctional institution "any firearm or weapon of any kind." In interpreting the language of the statute, we recognized the ambiguity in the legislature's use of the language "any firearm or weapon." In accordance with our decision in Grappin, we concluded that such ambiguity required construction of the statute most favorably for the accused and that such a favorable construction prohibited Watts from being convicted of multiple offenses for the possession of two prison-made knives. The meaning of Watts is clear; although Watts possessed two knives, he was subject to only one conviction under an ambiguous statute, absent a clearer statement of legislative intent to the contrary.
(Citations omitted). Wallace, 724 So.2d at 1178. The supreme court then proceeded to analyze the effect of a similar federal resisting arrest statute consistent with its holdings in Grappin and Watts. Id. at 1179. Finally, the court concluded, based upon its analysis of its prior holdings and federal law, that a continuous resistance to an ongoing attempt to effect an arrest constitutes only a single "instance of obstruction" under section 843.01, Florida Statutes. Id. at 1180-81.
The supreme court in Wallace failed to address the retroactive application of its holding. The State correctly contends that the trial court erred in retroactively applying Wallace.
Because of "strong concerns" for decisional finality, the supreme court rarely finds a change in decisional law to require retroactive application. State v. Glenn, 558 So.2d 4, 7 (Fla.1990). When deciding whether to apply a decision retroactively, "the fundamental consideration is the balancing of the need for decisional finality against the concern for fairness and uniformity in individual cases." Witt v. State, 387 So.2d 922, 929 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). Accordingly, evolutionary "refinements" in the criminal law are not retroactively cognizable in postconviction proceedings. Id.
The supreme court in Witt articulated the rule that a change in the law through judicial decision is fundamental, warranting retroactive application, only if it (1) emanates from Florida Supreme Court or the United States Supreme Court; (2) is constitutional in nature; and (3) constitutes a development of fundamental significance rather than an evolutionary refinement. State v. Austin, 532 So.2d 19 (Fla. 5th DCA), citing Witt, review denied, 537 So.2d 568 (Fla.1988). The State does not dispute the application of the first two elements of the Witt test, namely, that the change in Wallace is one of constitutional implication emanating from the supreme court. The State, however, challenges Oehling's characterization of the change as one of "fundamental significance."
Not all constitutional changes in the law are "fundamental" so to warrant retroactive relief. Austin, 532 So.2d at 20. In order to determine whether a change rises to the level of fundamental significance, a court must consider the purpose to be served by the new rule, the extent of reliance on an old rule, and effect on the administration of justice of a retroactive application of new rule. Id. Here, the supreme court, after review of earlier decisions, resolved a statutory ambiguity in *112 favor of defendants. The supreme court's decision, predicated on its thorough review of prior holdings and analogous federal statutes, is an "evolutionary refinement" of judicial statutory interpretation. Accordingly, we reverse the trial court's order granting Oehling's motion for post-conviction relief.
REVERSED and REMANDED.
W. SHARP, and PETERSON, JJ., concur.
NOTES
[1] Section 843.01, Florida Statutes (1991), entitled "Resisting Officer with Violence to His Person," provides in pertinent part:

Whoever knowingly and willfully resists, obstructs, or opposes any officer as defined in s. 943.10(1), (2), (3), (6), (7), (8), or (9); member of the Parole Commission or any administrative aide or supervisor employed by the commission; parole and probation supervisor; county probation officer; personnel or representative of the Department of Law Enforcement; or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.