PER CURIAM.
Appellant seeks review of the summary denial of his motion, filed pursuant to Florida Rule of Criminal Procedure 3.800(a), alleging that he was improperly given consecutive habitual offender sentences for convictions arising out of the same criminal episode, contrary to Hale v. State, 630 So.2d 521 (Fla.1993). The trial court denied appellant’s motion, stating that it could not be raised pursuant to rule 3.800(a), and that it would be untimely if considered pursuant to Florida Rule of Criminal Procedure 3.850. However, appellant’s claim may properly be raised pursuant to rule 3.800(a) because he alleges that the illegality of the sentences is apparent from the face of the record. See, e.g., Valdes v. State, 765 So.2d 774 (Fla. 1st DCA 2000).
It appears from appellant’s motion and attachments thereto that in counts one and two of case numbers 92-636 and 92-649, he received consecutive habitual offender sentences for sale of, and possession with intent to sell, the same piece of cocaine in a single criminal episode. If this proves to be true, appellant would appear to be entitled to relief. See Green v. State, 643 So.2d 1177 (Fla. 2d DCA 1994). Accordingly, we reverse the order summarily denying appellant’s claim, and remand to the trial court with directions that it either attach to an order again denying the claim record excerpts conclusively refuting the claim, or resentence appellant.
REVERSED and REMANDED, with directions.
BOOTH and WEBSTER, JJ., and SMITH, LARRY G., Senior Judge, concur.