ERVIN, J.
Appellant, Tony Robinson, appeals the summary denial of his Petition for Extraordinary Writ on the ground that it was successive. Robinson had alleged in his petition that his three convictions for resisting an officer with violence were illegal, because his offenses occurred during one criminal episode, and that his six five-year sentences as a habitual felony offender (HFO) for battery on a law-enforcement officer and resisting an officer with violence should run concurrently rather than consecutively, also because the offenses occurred during a single episode. The trial court did not address Robinson’s first issue, and denied die second, because he has filed four previous motions raising the same issue. We affirm the summary denial of Robinson’s first issue, because it is time barred. We reverse the denial of the second issue and remand with directions for the trial court to consider the merits of Robinson’s claim.
Robinson’s convictions became final on March 24, 1992. If the record were to show that his offenses occurred during a single incident, his first claim — that he should have been convicted of only one count of resisting an officer with violence rather than three — would be correct under Wallace v. State, 724 So.2d 1176 (Fla.1998). *148 Robinson should have raised this double-jeopardy issue, however, under Florida Rule of Criminal Procedure 3.850 within two years following his convictions. See Ferenc v. State, 563 So.2d 707 (Fla. 1st DCA 1990); Gandy v. State, 560 So.2d 1363 (Fla. 1st DCA 1990). We agree with the Fifth District that Wallace does not apply retroactively in post-conviction proceedings, because it did not announce a development of fundamental significance; therefore, Robinson’s claim does not fit within the exception to the two-year bar in rule 3.850(b)(2). State v. Oehling, 750 So.2d 109 (Fla. 5th DCA 1999). The court in Wallace concluded that because section 843.01, Florida Statutes, makes it a felony to resist “any” officer rather than “an” officer, the statute permits only one conviction for such conduct during one episode. The supreme court and the lower courts have repeatedly applied this “an/ any test” when construing criminal statutes. Therefore, Wallace merely announced an evolutionary refinement of the law rather than a significant change under Witt v. State, 387 So.2d 922 (Fla.1980), and thus does not apply retroactively.
Turning to Robinson’s second issue, we direct the trial court to examine the record below to determine whether Robinson has raised a meritorious issue that has been overlooked. In Hale v. State, 630 So.2d 521 (Fla.1993), the supreme court held that the HFO statute does not permit consecutive sentences for multiple crimes committed during one criminal episode. In State v. Callaway, 658 So.2d 983 (Fla.1995), the court held that Hale would apply retroactively, and gave defendants a two-year window in which to challenge their sentences. Because the resulting window was insufficient, the court decided in Dixon v. State, 730 So.2d 265 (Fla.1999), that the two-year window should extend from the date Callaway was decided (August 16, 1995), rather than from the date Hale was issued (October 14, 1993), or from the date the court denied rehearing in Hale (February 9, 1994). Some of Robinson’s files from this court show that his Hale claims were denied because they were not filed within the initial Callaway window, although they may have been filed within the window approved in Dixon, and that succeeding claims were denied as successive.
We therefore direct the trial court to examine the record to determine whether Robinson filed a timely Hale challenge, and, if so, whether relief is available and appropriate by writ of habeas corpus.[1] In the alternative, the court must determine from the record whether Robinson’s offenses were committed during one episode, in which case the issue is cognizable under rule 3.800. When it is apparent from the face of the entire record, including transcripts of the trial or hearing, that the different offenses arose during the same criminal episode, the trial court may address the Hale issue pursuant to rule 3.800, which may be filed at any time. See, e.g., Jackson v. State, 803 So.2d 842 (Fla. 1st DCA 2001); Turner v. State, 804 So.2d 1283 (Fla. 1st DCA 2002); Johnson v. Moore, 801 So.2d 289 (Fla. 1st DCA 2001). See also Crotts v. State, 795 So.2d 1020 (Fla. 2d DCA 2001) (rejecting application of successiveness and law-of-the-case doctrines to defendant’s challenge to an HFO sentence, because the supreme court had decided a case addressing the particular issue after the adverse decisions on his prior challenges, and had applied such case retroactively).
*149 AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings.
BARFIELD and LEWIS, JJ., CONCUR.

. “The courts have the authority to treat prisoner petitions as if the proper remedy were sought if it would be in the interest of justice to do so.” Hall v. State, 643 So.2d 635, 636 (Fla. 1st DCA 1994).