PER CURIAM.
Appellant, Stanford LaMar, appeals a trial court order summarily denying his motion to correct illegal sentence filed pursuant to rule 3.800(a). Appellant challenges his habitual violent felony offender sentence for robbery, a second degree felony, to the extent that it imposed a fifteen year mandatory minimum. The statute provides for a ten year mandatory minimum sentence. See § 775.084(4)(b)2, Fla. Stat. (1989). The state concedes that this portion of his sentence is illegal, and that the trial court erred in rejecting appellant’s challenge. We agree, and reverse and remand for resentencing on that ground.
However, we affirm the trial court’s rejection of grounds one and two, wherein appellant alleged that his habitual violent felony offender sentence was illegal as it was imposed without prior written notice of intent, to seek a sentencing enhancement, and because the trial coürt failed to show that a habitual offender sentencing enhancement was necessary for the protection of the public. These challenges are not properly raised under rule 3.800(a). See Carter v. State, 786 So.2d 1173 (Fla.2001); Cook v. State, 816 So.2d 773, 774 (Fla. 2d DCA 2002) (citing Judge v. State, 596 So.2d 73, 78 (Fla. 2d DCA 1991)).
While the trial court did not summarily deny these latter two claims for this reason, we affirm its denial of relief for the reason stated above.
*232 Affirmed in part; reversed in part and remanded.
WARNER, STEVENSON and HAZOURI, JJ., concur.