On Order to Show Cause

PER CURIAM.
We previously affirmed the trial court’s order striking appellant’s pro se motion to correct illegal sentence and petition for writ of habeas corpus. The trial court acted appropriately in enforcing its prior sanction order prohibiting appellant from further pro se filing in the underlying case. The documents were not signed or filed by a member of the Florida Bar as required by the trial court’s order. Because appellant has abused process in this Court as well, we issued an order to show cause pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999). Appellant’s response asserts merely that he has not previously raised these same claims. This does not excuse his continuing abuse. Johnson v. State, 44 So.3d 198, 200 (Fla. 4th DCA *31 2010) (“A claim need not be repetitive to be frivolous or to be an abuse of the post-conviction process”). We impose sanctions.
In 1997, a jury convicted appellant of carjacking with a firearm and robbery with a firearm. The court sentenced appellant as a habitual violent felony offender (HVFO) to concurrent terms of life in prison on each count with the 15-year mandatory minimum required by the HVFO statute. § 775.084(4)(b)l., Fla. Stat. (1995). This court affirmed the convictions and sentences on direct appeal. Jacobs v. State, 702 So.2d 506 (Fla. 4th DCA 1997) (table).
Since then, appellant has initiated numerous untimely, successive, and merit-less pro se postconviction challenges and appeals.[1] In his filings on appeal in this case, he raises many confused and merit-less claims. “It is not necessary for a court to explain in great detail why a prisoner’s frivolous legal arguments are wrong.” Holley v. State, 128 So.3d 111, 114 (Fla. 4th DCA 2013), rev. dismissed, 134 So.3d 447 (Fla.2014). We do so here to demonstrate why sanctions are necessary to preserve limited judicial resources. See In re McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989) (“Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution’s limited resources. A part of the Court’s responsibility is to see that these resources are allocated in a way that promotes the interests of justice.”); Sibley v. Fla. Judicial Qualifications Comm’n, 973 So.2d 425, 427 (Fla.2006) (quoting McDonald with approval).
The habeas corpus petition and rule 3.800(a) motion filed below raised numerous claims, all of which lack merit. First, appellant’s claim that his charges arose from the same incident and that separate convictions violate the Double Jeopardy Clause is time barred. The time for filing a postconviction challenge under rule 3.850 expired in 1999, two years after the conviction became final on direct appeal. A double jeopardy challenge to a conviction is not an issue that may be raised at any time. Robinson v. State, 816 So.2d 146, 148 (Fla. 1st DCA 2002). Further, the Florida Supreme Court has rejected the argument that double jeopardy prohibits separate convictions for carjacking and robbery where the robbery is based on the taking of property other than the motor vehicle. Cruller v. State, 808 So.2d 201, 204 (Fla.2002) (“[I]t is clear that the Legislature intended to punish the act of taking the car separately from any other property taken during the robbery”.). This argument is procedurally barred and devoid of any possible merit.
Appellant makes a confused claim that he was convicted of a “nonexistent offense” *32 because chapter 95-184, Laws of Florida, was found to have violated the single subject requirement. See Heggs v. State, 759 So.2d 620, 621 (Fla.2000). However, this chapter law made no change to the carjacking statute. See § 812.133(2)(a), Fla. Stat. (1993). Appellant’s allegation that this was a newly created offense is false. His confused claim that he was convicted under an unconstitutional chapter law and of a nonexistent crime is frivolous.
He also claims that his HVFO sentence is illegal because chapter 95-182 was found to violate the single subject rule. State v. Thompson, 750 So.2d 643, 644 (Fla.1999). But he does not show that he was adversely impacted in any way by the amendments in this chapter law. His claim that his prior armed burglary conviction would not have qualified him as an HVFO under the pre-amendment version of the statute is false. Armed burglary was enumerated as a qualifying offense before the amendments of chapter 95-182. § 775.084(l)(b)1.j., Fla. Stat. (1993). The amendment did not change this provision in the statute.
Appellant argues that he was convicted of life felonies that were not subject to habitualization before the amendment. See Lamont v. State, 610 So.2d 435 (Fla. 1992).[2] This claim is without merit as carjacking with a firearm and robbery with a firearm are first degree felonies punishable by life, not life felonies. § 812.133(2)(a), Fla. Stat. (1995); § 812.13(2)(a), Fla. Stat. (1995).
In his reply brief, appellant raises a frivolous claim of a technical defect in the charging document. Appellant complains that the firearm reclassification statute, section 775.087(1), Florida Statutes (1995), was not cited in the information charging carjacking. He seeks to capitalize on the Lamont anomaly and argues that this offense should have been reclassified to a life felony and thus not subject to habitualization. But, this statute is wholly inapplicable as the use of a firearm or deadly weapon was an essential element of the carjacking offense. § 812.133(2)(a), Fla. Stat. (1995) (providing that carjacking is a first degree felony punishable by life when a firearm or other deadly weapon is used). The reclassification statute was not applied and did not need to be cited in the information.
Appellant also claims that his HVFO sentence is unconstitutional because the State’s notice of intent to seek habitualization was not clear as to whether habitual felony offender or habitual violent felony offender sanctions would be sought. He claims that the use of the disjunctive “or” deprived him of sufficient notice of which sanction would be sought. It is well-settled that such a notice is proper. Washington v. State, 895 So.2d 1141, 1143 (Fla. 4th DCA 2005). It is also well-settled that insufficient notice or even lack of notice of intent to seek enhanced penalties does not result in an “illegal sentence” that can be corrected at any time. LaMar v. State, 823 So.2d 231 (Fla. 4th DCA 2002).
Appellant’s relentless abuse of postconviction process interferes with this court’s ability to consider legitimate claims and damages the remedy for others. McCutcheon v. State, 44 So.3d 156, 161 (Fla. 4th DCA 2010). Courts have a duty to sanction abusive and frivolous filers in order to safeguard the sanctity and availability of the remedy for all. See In re McDonald, 489 U.S. at 184, 109 S.Ct. 993.
*33 Accordingly, we impose sanctions. The Clerk of this Court is directed to no longer accept any paper filed by Jimmy J. Jacobs unless the document has been reviewed and signed by a member in good standing of the Florida Bar who certifies that the document may be filed in good faith. The Clerk is directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. § 944.279(1), Fla. Stat. (2013).

Sanctions imposed. Appellant referred to prison officials.

WARNER, CIKLIN and FORST, JJ., concur.

. None of appellant’s prior proceedings in this court had merit. Jacobs v. State, 787 So.2d 868 (Fla. 4th DCA 2001) (4D01-850) (table) (rule 3.850 summary denial); Jacobs v. State, No. 4D02-4771 (Fla. 4th DCA Feb. 19, 2003) (ineffective assistance of appellate counsel petition dismissed by order); Jacobs v. State, 906 So.2d 1078 (Fla. 4th DCA 2005) (4D05-1680) (table) (rule 3.800(a) denial); Jacobs v. State, 909 So.2d 869 (Fla. 4th DCA 2005) (4D05-2582) (table) (3.850 summary denial); Jacobs v. State, 918 So.2d 305 (Fla. 4th DCA 2005) (4D05-4525) (table) (rule 3.800(a) denial); Jacobs v. State, 925 So.2d 1036 (Fla. 4th DCA 2006) (4D06-425) (table) (rule 3.850 summary denial); Jacobs v. State, 950 So.2d 1251 (Fla. 4th DCA 2007) (4D07-208) (table) (rule 3.800(a) denial); Jacobs v. State, No. 4D07-708 (Fla. 4th DCA Mar. 15, 2007) (ineffective assistance of appellate counsel petition dismissed by order); Jacobs v. State, No. 4D07-1874 (Fla. 4th DCA May 31, 2007) (habeas corpus petition denied by order); Jacobs v. State, No. 4D07-4779 (Fla. 4th DCA Feb. 6, 2008) (habeas corpus petition dismissed by order).

. This anomaly in sentencing law was corrected by Chapter 95-182, § 2, Laws of Florida. See Lafleur v. State, 661 So.2d 346, 349 (Fla. 3d DCA 1995).