DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIAM A. COOK,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-3590

[March 23, 2016]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562008CF004134B.

William A. Cook, Wewahitchka, pro se.

No appearance for appellee.

PER CURIAM.

Appellant William Cook appeals the summary denial of his amended rule 3.850 motion for post-conviction relief. We affirm the denial of Cook's first three claims without comment. We also agree with the trial court that Cook's fourth claim was untimely filed.

Cook pled guilty in 2010 to two counts of conspiracy to commit first degree murder, two counts of solicitation to commit first degree murder, possession of alprazolam, and sale or delivery of alprazolam. He was sentenced to sixty years in prison. We affirmed the judgment and sentence on direct appeal and issued a mandate on July 20, 2012. *Cook v. State,* 91 So. 3d 148 (Fla. 4th DCA 2012) (table).

Cook timely filed an amended rule 3.850 motion in June 2014 alleging three grounds for relief. In February 2015, he filed a supplemental motion alleging a fourth ground for relief. The trial court summarily denied the motion, finding in part that Cook's fourth claim was untimely filed. We agree.

In his supplemental fourth claim, Cook argues that his plea to two counts of conspiracy arising from a single agreement violates double jeopardy. *See Durden v. State*, 901 So. 2d 967 (Fla. 2d DCA 2005). However, a double jeopardy challenge is not an issue that can be raised at any time; it must be raised on direct appeal or in a timely rule 3.850 motion for post-conviction relief. *See Jacobs v. State*, 162 So. 3d 29, 31 (Fla. 4th DCA 2014).

Cook's judgment and sentence became final on July 20, 2012 when the mandate issued following direct appeal. *See Huff v. State*, 569 So. 2d 1247, 1250 (Fla. 1990). His supplemental fourth claim was untimely filed more than two years later, in February 2015. *See* Fla. R. Crim. P. 3.850(b). Rule 3.850 provides that "[n]ew claims for relief contained in an amendment need not be considered by the court unless the amendment is filed within the time frame specified in subdivision (b)." Fla. R. Crim. P. 3.850(e); *see also Jackman v. State*, 174 So. 3d 1070 (Fla. 4th DCA 2015); *Rincon v. State*, 996 So. 2d 922 (Fla. 4th DCA 2008). The trial court properly denied Cook's fourth claim as untimely filed.

*Affirmed.*

TAYLOR, FORST and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2