PARKER, Judge.
The state appeals Calvin Smith’s sentence of his conviction for burglary at which time a battery was committed, arguing that the trial court erred in finding that the sentencing statutes do not permit Smith to be sentenced as a habitual offender for this crime. We agree and reverse Smith’s sentence for burglary, finding that the trial court may consider the habitual offender statute in sentencing Smith for an offense classified as a felony of the first degree, punishable by imprisonment for a term of years not exceeding life. Smith cross appeals, presenting four issues for review. We find no merit to his arguments and affirm his convictions.
After a jury trial, the trial court adjudicated Smith guilty of the crimes of burglary at which time a battery was committed, attempted sexual battery with slight force, and petit theft. The state sought imposition of an enhanced penalty as a habitual offender under section 775.084, Florida Statutes (1989). The trial court sentenced Smith to ten years’ imprisonment as a habitual offender on the charge of attempted sexual battery and time served on the charge of petit theft. Neither the state nor Smith challenges the sentences imposed for the attempted sexual battery and petit theft convictions.
*320 The trial court sentenced Smith pursuant to the sentencing guidelines to nine years’ imprisonment followed by fifteen years’ probation on the burglary conviction, specifically finding that section 775.084[1] does not allow the court to sentence a defendant as a habitual offender when he has been found guilty of burglary at which time a battery is committed because this crime constitutes a felony of the first degree punishable by imprisonment for a term of years not exceeding life imprisonment. See § 810.02(2)(a), Florida Statutes (1989).[2] We conclude that this finding was error. See Burdick v. State, 594 So.2d 267 (Fla.1992).
During the sentencing of Smith on the attempted sexual battery charge, the trial court declared that for the protection of the public, Smith should be habitualized. Based upon this declaration, the Florida Supreme Court’s recent decision of Burdick, and this court’s recent decision of King v. State, 597 So.2d 309 (Fla. 2d DCA 1992) (en banc), we reverse the sentence for burglary and remand the case to the trial court to find Smith a habitual offender and sentence him pursuant to King.
Affirmed in part, reversed in part, and remanded with directions.
DANAHY, A.C.J., and PATTERSON, J., concur.

. Section 775.084(4)(a) provides:
The court, in conformity with the procedure established in subsection (3), shall sentence the habitual felony offender as follows:
1. In the case of a felony of the first degree, for life.

. Section 810.02(2)(a), Florida Statutes (1989), provides:
(2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.-084, if, in the course of committing the offense, the offender:
(a) Makes an assault or battery upon any person.