677 So.2d 388 (1996)
Eric EBLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-01859.
District Court of Appeal of Florida, Second District.
July 24, 1996.
*389 Paul D. Sullivan, Punta Gorda, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
RYDER, Acting Chief Judge.
Eric Eblin was charged in three separate cases involving burglaries of dwellings. This appeal only concerns his sentence in one of the cases, No. 95-49-F, in which he was charged with first degree burglary while armed with a dangerous weapon. Eblin correctly contends that the court erred in scoring two crimes for which he received habitual offender sentences as additional offenses on the guidelines scoresheet for the armed burglary charge. We reverse and remand for resentencing in Case No. 95-49-F.
In order to resolve these three cases, Eblin accepted a plea under which he would be sentenced to three concurrent twenty-five-year terms as a habitual felony offender. In exchange, the state agreed not to pursue violent habitual felony offender treatment and not to charge him in other pending cases. At the time of sentencing, however, the state informed the court that Eblin could not be sentenced as a habitual offender for the armed burglary case. The state incorrectly believed that a defendant charged with a first degree felony punishable by life was ineligible for habitual offender treatment. The court stated it would sentence Eblin in that case to "the mid-range of the guidelines."
The two burglaries for which Eblin received habitual offender sentences were counted as additional offenses on the guidelines scoresheet for the armed burglary. The scoresheet showed a range of 67.5 to 112.5 months' imprisonment. The court sentenced Eblin to 90 months' imprisonment, the middle of the range. When a defendant is being sentenced as a habitual offender for some cases and under the guidelines for other cases at the same hearing, it is improper to score the crimes for which he receives habitual offender treatment as additional offenses in calculating the guidelines sentence. Smith v. State, 632 So.2d 95, 96 (Fla. 2d DCA), appeal dismissed, 639 So.2d 981 (Fla. 1994); Ricardo v. State, 608 So.2d 93 (Fla. 2d DCA 1992). Had the two burglaries not been counted as additional offenses here, Eblin's guidelines range would have been 54.9 to 91.5 months' imprisonment. While his sentence does fall within the guidelines range using the correct scoresheet, this error is not harmless. As we said in Sprankle v. State, 662 So.2d 736, 737 (Fla. 2d DCA 1995), when a correct scoresheet places a defendant in a different cell, we will not presume the error is harmless unless the record conclusively shows that the court would have imposed the same sentence if it knew the correct score. Here, in fact, the record indicates the trial court would have imposed a sentence in the middle of the correct range, not one at its uppermost reaches. We, therefore, reverse and remand for resentencing in accordance with this opinion.
We reject the state's argument that the case should be remanded for sentencing *390 under the plea agreement, which would allow the trial court to impose a habitual offender sentence in Case No. 95-49-F. While Eblin agreed to such a sentence, the prosecutor told the court that he could not be sentenced as a habitual offender for a first degree felony punishable by life. This was an incorrect representation. Burdick v. State, 594 So.2d 267 (Fla.1992); State v. Smith, 597 So.2d 319 (Fla. 2d DCA 1992). The prosecutor agreed that Eblin could be sentenced under the guidelines. The state cannot claim error in a ruling it invited the court to make. State v. Glosson, 462 So.2d 1082, 1084 (Fla. 1985). On remand, the court shall resentence Eblin under the guidelines.
Reversed and remanded.
DANAHY and FRANK, JJ., concur.