NORTHCUTT, Judge.
David Nichols challenges the sentences imposed after he pleaded guilty to several drug-related crimes. We find no merit in the arguments he raises on appeal, but the State has drawn our attention to several sentencing errors that must be corrected.
Nichols was sentenced as a habitual offender in circuit court case numbers 94-1267 and 94-1268. Each of those cases involved two charges, one for sale or delivery of cocaine and one for possession of cocaine. As the State points out, Nichols was incorrectly sentenced as a habitual offender on the counts charging possession. See § 775.084(1)(a)3., Fla. Stat. (1993); Belton v. State, 673 So.2d 880, 881 (Fla. 2d DCA 1996). We affirm Nichols’s habitual offender sentences for the sale or delivery charges, but reverse the sentences for the possession counts and remand for resentencing under the guidelines.
The court sentenced Nichols under the guidelines in circuit court case number 94-1266. The State notes that the score-sheet erroneously included offenses for which Nichols was sentenced as a habitual offender. See Eblin v. State, 677 So.2d 388, 389 (Fla. 2d DCA 1996). We reverse the guidelines sentences in case number 94-1266, and remand for resentencing under a corrected scoresheet. The corrected scoresheet should also be used for resentencing on the cocaine possession counts in case numbers 94-1267 and 94-1268. Nichols’s presence is not required at resentencing.
Sentences affirmed in part, reversed in part and remanded for resentencing.
PAKKER, C.J., and RONDOLINO, ANTHONY, Associate Judge, concur.