HAZOURI, J.
Michael Brown appeals from his convictions and sentences for leaving the scene of an accident involving a death, a second degree felony (thirty years-habitual offender), driving without a license or with a suspended license and causing serious injury or death to another, a third degree felony (ten years-habitual offender), and driving with a suspended license, a third degree felony (129 months-guidelines). We affirm the conviction for leaving the scene of an accident involving a death. We reverse the conviction and sentence for driving without a license or with a suspended license and causing serious injury or death to another. We affirm the conviction for driving with a suspended license but remand for correction of the score-sheet and resentencing on this charge.'
Brown was driving an automobile which collided with a vehicle operated by Bro-ward Sheriffs Deputy Mike Metroka on November 29, 1997. Brown was driving east on Copans Road and stopped in the left turn lane at Cypress Road. When the light turned green, he proceeded with the left-hand turn causing a collision with Deputy Metroka’s vehicle which was traveling west on Copans and also had the green light. After the collision, Brown got out of his car and went over to look at Deputy Metroka to see if he was dead and then fled on foot from the scene of the accident. The vehicle that Brown was operating was owned by his wife and by tracing the ownership to his wife, Brown was located and arrested. Upon his arrest, Brown gave a statement to the police in which he admitted driving the vehicle that was involved in the accident and that his driver’s license had been suspended. Deputy Met-roka never regained consciousness and several weeks later, he developed complications from pneumonia and died.
At trial, the state introduced into evidence the transcript of Brown’s driving record and the testimony of traffic homicide investigator Robert Lahiff. From this document, Lahiff testified that Brown had two convictions for driving while his license was suspended, dated November 27, 1989, and January 2, 1990. The transcript of Brown’s driving record failed to reflect the reasons for the suspension in 1989 or 1990. There was no evidence presented by the state reflecting why Brown’s license had been suspended nor why it was under suspension at the time of the accident with Deputy Metroka.
Brown was charged under section 322.34(6)(a) or (b), Florida Statutes (1997), which provides:
6) Any person who operates a motor vehicle:
(a) Without having a driver’s license as required under s. 322.03; or
(b) While his or her driver’s license or driving privilege is canceled, suspended, or revoked pursuant to s. 316.655, s. 322.26(8), s. 322.27(2), or s. 322.28(2) or (5),
and who by careless or negligent operation of the motor vehicle causes the death of or serious bodily injury to another human being is guilty of a felony of the third degree, punishable as provided in s. 775.082 or s. 775.083.
Brown argues that the trial court erred in denying his motion for judgment of acquittal after the state presented its case because the state failed to show that Brown’s license was suspended for one of the reasons listed in subsection (b). The state responds that Brown had never been issued a driver’s license and thus his conviction is sustainable under subsection (a). The state argues that this fact is shown from the transcript of Brown’s driving record because the date for his original driv *1115 er’s license is noted as “00-00-00” which shows that Brown never had a driver’s license. Brown contends that this is pure speculation on the part of the state because the state failed to call any witness to explain any of the data contained on the transcript, and therefore, there is an insufficiency of evidence to support a judgment of guilty for violation of section 322.34(6)(a) or (b).
We hold that the trial court erred in denying the motion for judgment of acquittal on this charge. There was no evidence presented by the state that Brown’s driver’s license had been suspended for one of the enumerated reasons set forth in section 322.34(6)(b) and a total lack of evidence that Brown had never acquired a driver’s license.
Brown’s second point on appeal is that there cannot be multiple adjudications and sentences for driving with a suspended license because it exposes him to double jeopardy. This point is moot because we have reversed the conviction and sentence for driving without a license or with a suspended license and causing serious injury or death to another. Therefore, we affirm Brown’s conviction for driving with a suspended license.
In Brown’s third point on appeal, he asserts that the prosecutor made improper remarks in closing which deprived him of his right to a fair trial. We have examined the final argument of the prosecutor and find this point to be without merit.
In Brown’s fourth point on appeal, he asserts that the trial court erred in sentencing him for driving with a suspended license using a scoresheet which included offenses for which he was sentenced as a habitual offender. He correctly argues that when a defendant is sentenced for multiple offenses, some of which are under the guidelines and some of which are under the habitual offender statute, those offenses for which the defendant is being sentenced as habitual offender are not to be included either as the primary offense or as an additional offense on the guideline scoresheet. See Nichols v. State, 711 So.2d 1304 (Fla. 2d DCA 1998); Eblin v. State, 677 So.2d 388 (Fla. 2d DCA 1996); Ricardo v. State, 608 So.2d 93 (Fla. 2d DCA 1992). The correction of this error in sentencing results in an approximate reduction in the maximum months under the guidelines of thirty-one months.
The state argues that the sentencing error was not preserved. However, we find that Brown’s appeal falls within the window period discussed in Maddox v. State, 760 So.2d 89 (Fla.2000). Under Maddox an appellate court may correct on direct appeal as fundamental error an un-preserved sentencing error that is both patent and serious. Id. at 99. We find that the error on the guidelines scoresheet' is apparent from the record and that a difference in the sentence of thirty-one months is serious. We remand for correction of the scoresheet and resentencing on the offense of driving with a suspended license and entry of a judgment of acquittal on the conviction and sentence for driving without a license or with a suspended license and causing serious injury or death to another.
POLEN and KLEIN, JJ., concur.