HAZOURI, J.
Appellant, Brandt Cook, appeals his sentences in five separate cases and raises four points on appeal. We affirm his appeal of the trial court’s denial of his motion to withdraw his plea and vacate his sentences but reverse and remand for the withdrawal of his plea or for resentencing as set forth below.
In case number 4D00-2673, appellant pled guilty to burglary of a dwelling and was sentenced to twenty years as a habitual felony offender. The state filed a timely notice of the state’s intent to declare him a habitual felony offender but appellant was not notified of the fact that habitualization would affect the possibility of his early release. The trial court erred in failing to give appellant notice of the reasonable consequences of his plea, see Ashley v. State, 614 So.2d 486, 490 n. 8 (Fla.1993); therefore, we remand to permit appellant the opportunity to withdraw his plea. See State v. Wilson, 658 So.2d 521, 523 (Fla.1995).
In cases 4D00-2674, 4D00-2720, and 4D00-3326, appellant was sentenced pursuant to a guidelines scoresheet prepared with the burglary of a dwelling in case number 4D00-2673 as the primary offense. Appellant argues and the state concedes that this was error because a habitualized offense cannot be used as a primary offense. See Brown, v. State, 760 So.2d 1113, 1115 (Fla. 4th DCA 2000). We find that this error does not affect case numbers 4D00-2720 and 4D00-3326 because the trial court sentenced appellant to the maximum statutory sentences on each count in those cases. When the record conclusively shows that the trial court would have imposed the same sentence if it knew the correct score, then the sentence should be affirmed. See Eblin v. State, 677 So.2d 388, 389 (Fla. 2d DCA 1996).
In case number 4D00-2674, however, the trial court sentenced appellant on each of the five counts to three years all to run consecutively. As this was a downward departure from the minimum sentence on the incorrectly calculated guidelines scoresheet and would be within the guidelines range of the corrected guidelines scoresheet, the record does not conclusively show that the same sentence would have been imposed if the trial court knew the correct score. Therefore, we remand case number 4D00-2674 for correction of the guidelines scoresheet and resentencing.
Finally, in case number 4D00-2672, appellant asserts and the state concedes that the guidelines scoresheet used to sentence appellant in this case improperly included four points for a legal status violation. See, e.g., Mills v. State, 723 So.2d *869 363, 364 (Fla. 1st DCA 1998). Appellant was sentenced to the maximum guidelines sentence on the offenses and a recalculation of the scoresheet reduces the maximum by five months. The record does not indicate whether the trial court would have departed upward if it had known the correct maximum guidelines sentence; therefore, we remand case number 4D00-2672 for correction of the guidelines scoresheet and resentencing thereunder.
AFFIRMED in part; REMANDED in part.
STONE and FARMER, JJ., concur.