SILBERMAN, Judge.
Jonathan Wayne Lipovsky appeals his conviction and sentence for driving while license suspended and causing serious bodily injury pursuant to section 322.34(6)(b), Florida Statutes (2000). Lipovsky argues that his motion for judgment of acquittal should have been granted, therefore his conviction must be reversed because the State failed to prove the elements of the crime. We agree.
Section 322.34(6)(b) provides that:
Any person who operates a motor vehicle:
(b) While his or her driver’s license or driving privilege is canceled, suspended, or revoked pursuant to s. 316.655, s. 322.26(8), s. 322.27(2), or s. 322.28(2) or (4),
and who by careless or negligent operation of the motor vehicle causes the death of or serious bodily injury to another human being is guilty of a felony of the third degree, punishable as provided in s. 775.082 or s. 775.083.
In order for Lipovsky to be convicted under section 322.34(6)(b), his license must have been suspended for one of the reasons enumerated in the statute. Brown v. State, 760 So.2d 1113, 1114-15 (Fla. 4th DCA 2000).
It was undisputed that at the time of the events giving rise to the charges, Lipov-sky’s license had been suspended. However, the State did not establish that the suspension was for one of the reasons enumerated under section 322.34(6)(b). Instead, it appears that Lipovsky’s license was automatically suspended pursuant to Section 318.15, Florida Statutes (2000), because he failed to pay traffic fines and to appear in response to traffic summonses. Because the suspension of a license under section 318.15 is not one of the qualifying suspensions under section 322.34(6)(b), and because the State did not otherwise establish that Lipovsky’s license was suspended for one of the reasons identified in section 322.34(6)(b), his conviction and sentence must be reversed.
The State argues that Lipovsky did not adequately preserve this issue. We disagree and conclude that counsel’s argument to the trial court was sufficient to cover the argument raised on appeal. See K.A.N. v. State, 582 So.2d 57, 58-59 (Fla. 1st DCA 1991). We also observe that even if Lipovsky had not preserved the issue, he would be entitled to a reversal due to fundamental error because the State failed to make a prima facie showing of an essential element of the crime. Dydek v. State, 400 So.2d 1255, 1258 (Fla. 2d DCA 1981); see also J.B. v. State, 705 So2d 1376, 1379 (Fla.1998).
Accordingly, we reverse Lipovsky’s conviction and sentence for driving while license suspended and causing serious bodily injury. Lipovsky does not challenge, and therefore we affirm, his conviction and sentence for leaving the scene of an acci *709 dent with personal injury. We remand for entry of a corrected judgment and sentence consistent with this opinion.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and DAVIS, JJ., concur.