872 So.2d 447 (2004)
Claude Lee LYELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-2747.
District Court of Appeal of Florida, Second District.
May 14, 2004.
Claude Lee Lyell, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
On September 16, 1998, the circuit court placed Claude Lyell on thirty-six months' probation based on his guilty plea to two charges of aggravated battery. In April 2001, Lyell admitted violating his probation. The court revoked his probation and sentenced him to sixty months' imprisonment on April 23, 2001. On May 13, 2001, he filed an unsworn motion to withdraw his plea, in which he attacked the voluntariness of his September 1998 plea, not the voluntariness of his admission that he violated probation. The circuit court correctly found that the unsworn motion was insufficient under Florida Rule of Criminal Procedure 3.850. It treated the motion as one pursuant to rule 3.170(l) and denied it as untimely because it was filed more than thirty days after sentence was imposed on the contested plea.
We affirm the order denying Lyell's motion to withdraw his plea. Our affirmance is without prejudice to his rights, if any, to file a sufficient rule 3.850 motion concerning his probation violation. We note, however, that the time has run to file a rule 3.850 motion attacking the voluntariness of his September 1998 plea. Lyell did not appeal his judgment and sentence based on that plea, so it became final on October 16, 1998. His two-year window to challenge that plea under rule 3.850 expired in October 2000. See Fla. R.Crim. P. 3.850(b).
Affirmed.
ALTENBERND, C.J., and CASANUEVA, J., concur.