ON MOTION FOR REHEARING

PER CURIAM.
The opinion is withdrawn and the following is substituted in its place.
David Mayolo appeals the denial of his motions to enforce a plea agreement and to correct an illegal sentence. In his motion to enforce the plea agreement, appellant actually seeks to withdraw from the plea because of his liability for the costs of incarceration mandated by sections 960.293(2)(a) and 960.297(2), Florida Statutes (Supp.1994). Appellant should have raised this in a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Appellant is unable to file a motion for postconviction relief now, however, because more than two years have passed since his conviction and sentence have become final. See Fla. R.Crim. P. 3.850(b).
As to his motion to correct an illegal sentence, appellant claims that the scoresheet was incorrectly calculated. Even if his contentions are true, we do not deem it necessary to remand for the trial court to reconsider appellant’s sentence under a corrected scoresheet because the record conclusively proves that the court would have imposed the same sentence even with the corrected score. See Cook v. State, 803 So.2d 867, 868 (Fla. 4th DCA 2002). When sentencing appellant, the trial court upwardly departed from the sentencing range giving reasons that demonstrate the court would have departed even if these calculation errors had been brought to its attention. A sentence need not be reversed based upon an alleged scoresheet error when a valid written departure sentence has been imposed. See Raley v. State, 675 So.2d 170, 175 (Fla. 5th DCA 1996).
Affirmed.
FARMER, C.J., WARNER and KLEIN, JJ., concur.