908 So.2d 1094 (2005)
Juan B. LUSUNARIZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-913.
District Court of Appeal of Florida, Third District.
July 20, 2005.
Rehearing Denied August 25, 2005.
Juan Lusunariz, in proper person.
Charles J. Crist, Jr., Attorney General, and Lucretia A. Pitts, Assistant Attorney General, for appellee.
Before COPE, C.J., and SUAREZ and CORTIÑAS, JJ.
COPE, C.J.
Juan B. Lusunariz appeals an order denying his motion to enforce plea agreement. We affirm.
In 1982 defendant-appellant Lusunariz entered into a plea agreement whereby he was sentenced to life imprisonment with a twenty-five year mandatory minimum sentence for first degree murder, and a suspended sentence for armed robbery. In his sworn motion, the defendant asserts that when he entered into the plea agreement, his counsel assured him that there were no liens, costs, or restitution associated with his plea.
Over a decade later, the Legislature enacted the Florida Civil Restitution Lien and Crime Victims' Remedy Act of 1994. See ch. 94-342, Laws of Fla. (codified as §§ 960.29-960.297, Fla. Stat. (Supp.1994)) ("Civil Restitution Act"). For offenders who were already incarcerated, the Act allows governmental entities to seek reimbursement of costs of incarceration for that part of the offender's sentence remaining *1095 after July 1, 1994. See § 960.297, Fla. Stat. (Supp.1994). See generally Goad v. State, 845 So.2d 880 (Fla.2003).
In 2003 the defendant filed a motion to enforce his plea agreement, and thereafter an amended motion. He asserts that the Legislature's enactment of the Civil Restitution Act breached his plea agreement with the State, because it created an additional potential financial exposure to him which was not part of the original plea bargain. The trial court denied the motion and the defendant has appealed.
We agree with the Fourth District that the motion to enforce the plea agreement is in substance a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. That is so because the defendant actually seeks to withdraw his plea. See Mayolo v. State, 901 So.2d 178 (Fla. 4th DCA 2005). Because the defendant contends that the enactment of the statute created a breach of the plea agreement, the defendant should have filed his motion within two years of the July 1, 1994 effective date of the Act. Treating the defendant's motion as a Rule 3.850 motion, it is time barred. We therefore need not reach the merits of the claim.
Affirmed.