BROWNING, J.
Jamaal A. Harneen, a/k/a Charles Flowers, appeals the trial court’s summary denial of his petition for writ of habeas corpus. We affirm the denial order because Harneen did not set forth a facially sufficient claim for habeas corpus relief. In substance, Harneen s claim is for a reduced sentence or for a withdrawal of his 2003 plea. Given the unsworn allegations presented in his petition, we believe Harneen might have a claim for postconviction relief based on an involuntary plea. See Fla. R.Crim. P. 3.850(a)(5); Lusunariz v. State, 908 So.2d 1094 (Fla. 3d DCA 2005). The unsworn petition does not conform to the oath requirement of Rule 3.850(c), but it was filed within the timetable established in Rule 3.850(b). See Lyell v. State, 872 So.2d 447 (Fla. 2d DCA 2004). According to the petition, Harneen entered a plea agreement and was sentenced to two years’ community control on August 13, 2003 (after which he violated the terms of community control and was sentenced to a term in jail). Because Harneen apparently did not appeal his judgment and sentence based on the 2003 plea, it became final 30 days later. See id. Accordingly, his two-year window to challenge that plea under Rule 3.850 will expire in mid-September 2005. See id. Our decision is without prejudice to Hameen’s right to file in the trial court a legally sufficient, timely motion to withdraw his plea pursuant to Rule 3.850. See McNeil v. State, 676 So.2d 48 (Fla. 1st DCA 1996) (affirming denial of legally insufficient motion for post-conviction relief, which lacked signature page and was not under oath, without prejudice to defendant’s right to file timely motion complying with “content” requirements of Rule 3.850(c)).
AFFIRMED, without prejudice to file an amended, legally sufficient motion for postconviction relief.
BENTON, J., concurs; and PADOYANO, J., concurs in the result.