603 So.2d 679 (1992)
William J. DEPARVINE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-200.
District Court of Appeal of Florida, First District.
August 18, 1992.
Nancy A. Daniels, Public Defender, and Abel Gomez, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
William J. Deparvine has appealed from the sentence imposed after he was convicted of grand theft. We reverse, and remand for reconsideration of Deparvine's sentence using a correct scoresheet.
As noted above, Deparvine came on for sentencing after he was convicted by jury of grand theft, a third-degree felony. § 812.014(2)(c), Fla. Stat. (1989). A guidelines scoresheet had been prepared reflecting a point total of 105, which corresponded to a recommended sentencing range of 5-1/2 to 7 years, and a permitted range of 4-1/2 to 9 years. Deparvine did not object to the calculation, and the trial court sentenced him to 5 years, the statutory maximum for his offense. § 775.082(3)(d), Fla. Stat. (1989).
Deparvine argues that the correct point total was 77, which lowers the recommended and permitted sentence ranges by *680 two cells to 3-1/2 to 4-1/2 years, and 2-1/2 to 5-1/2 years, respectively. Deparvine notes that his failure to object below does not bar the issue on appeal, Burkhalter v. State, 578 So.2d 345 (Fla. 1st DCA 1991), and that the error is not harmless, in that the corrected total does not correspond to the same guidelines cell. See Sellers v. State, 578 So.2d 339 (Fla. 1st DCA), approved on other grounds 586 So.2d 340 (Fla. 1991). The state concedes that the correct point total was 77, and that Sellers requires vacation of the sentence and remand for reconsideration with a correct scoresheet.
Where correction of a scoresheet calculation error would place a defendant in the same guidelines cell, or where the appellate court is clearly convinced that the defendant would have received the same sentence notwithstanding the error (i.e., a plea bargain), scoresheet error may be held harmless. Sellers at 341. However, when deletion of improper points results in a reduction of one or more cells, the sentence will be vacated and the cause remanded for resentencing on a properly calculated scoresheet. Sellers at 341.
Here, correction to the proper point total reduces the recommended range by two cells. However, the corresponding permitted range still encompasses the 5-year sentence given by the trial court. When an appellate court is unable to say that the trial court, upon being apprised of the correct cell, would nevertheless impose the same sentence even though it falls within the permitted range of the correct cell, reversal is required. Johnson v. State, 583 So.2d 386, 386-87 (Fla. 1st DCA 1991). A perusal of the sentencing transcript yields no indication of the trial court's possible action "upon being apprised of the correct cell." We therefore vacate the sentence imposed herein, and remand for resentencing on a properly calculated scoresheet.
JOANOS, C.J., and ALLEN and WOLF, JJ., concur.