JOANOS, Chief Judge.
The appellant, Jerry Canterbury, appeals the sentence imposed after he pled nolo contendere to escape from the Leon County Detention Center. Appellant contends the trial court erred in imposing a sentence for escape based upon a scoresheet that assessed points for legal constraint, an essential element of the crime charged. We reverse.
The record reflects that appellant had a stable work history, and had been permitted to serve his county jail time at night so as to maintain his employment. The instant escape charge arose when appellant failed to report timely to the county jail. The state concedes that since legal constraint is an essential element of the crime of escape, it is improper to assess legal constraint points to enhance a sentence imposed upon conviction for escape. *505 See Carnegie v. State, 564 So.2d 233 (Fla. 1st DCA 1990); Brown v. State, 502 So.2d 1293 (Fla. 1st DCA 1987); Chenault v. State, 543 So.2d 1314 (Fla. 5th DCA 1989).
Further, where a guidelines score-sheet error results in a reduced sentencing range of one or more cells, the sentence must be reversed for resentencing based upon a correctly calculated scoresheet. See Johnson v. State, 583 So.2d 386 (Fla. 1st DCA 1991); Sellers v. State, 578 So.2d 339, 341 (Fla. 1st DCA), approved, 586 So.2d 340 (Fla.1991); Gibbons v. State, 540 So.2d 144 (Fla. 4th DCA 1989). This general rule is premised upon the guidelines policy that a correctly calculated scoresheet is essential for the proper exercise of the trial court’s sentencing discretion. “Only in circumstances where the appellate court is clearly convinced that the defendant would have received the same sentence notwithstanding the scoresheet error, such as where the sentence was imposed in accordance with a valid plea agreement, have the sentences been affirmed under the harmless error doctrine despite the erroneous score.” Sellers, 578 So.2d at 341.
The trial court in this case would be authorized to resentence appellant in the same manner, based upon a scoresheet corrected by deletion of the twelve points erroneously assessed for legal constraint, if sentence were imposed at the maximum of the recommended sentencing range. Nevertheless, the deletion of those twelve points results in a one-cell reduction in the recommended sentencing range. We conclude the record in this case would not support a clear conviction that the trial court would impose the same sentence in the absence of the scoresheet error, within the contemplation of Sellers and Johnson.
Accordingly, the contested sentence imposed upon the escape conviction is vacated, and the cause is remanded for resen-tencing based upon a corrected scoresheet.
ZEHMER and BARFIELD, JJ., concur.