649 So.2d 902 (1995)
Maurice BURROWS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2164.
District Court of Appeal of Florida, First District.
January 31, 1995.
*903 Maurice Burrows, pro se.
No appearance for appellee.
SHIVERS, Senior Judge.
Maurice Burrows appeals an order of the circuit court summarily denying his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm in part and reverse in part.
On November 17, 1988, Burrows was convicted of one count of trespass, and two counts of sexual battery with physical force and violence not likely to cause serious personal injury. Burrows' sentencing guidelines scoresheet indicated a total of 507 points, with a recommended sentencing range of 22-27 years. The trial court sentenced Burrows to 15 years in prison on one of the sexual battery counts and to a consecutive 12-year term on the other, for a total sentence of 27 years in state prison.[1]
On March 29, 1993, Burrows filed the instant motion with the trial court, asserting: (1) he should have been sentenced on only one count of sexual battery, because both batteries occurred during a single criminal episode with only one victim, and (2) because only one victim was involved, the court erred in assessing 80 (rather than 40) points for victim injury on the sentencing guidelines scoresheet. On May 20, 1993, the trial court denied the motion, and this appeal ensued.
Burrows' argument that he should have been sentenced for only one count of sexual battery is controlled by Saavedra v. State, 576 So.2d 953 (Fla. 1st DCA 1991), appealed on other grounds and approved, 622 So.2d 952 (Fla. 1993), cert. denied, ___ U.S. ___, 114 S.Ct. 901, 127 L.Ed.2d 93 (Jan. 18, 1994). In Saavedra, the victim was raped near the rear of her house, in a park behind her home, and at a concrete circle in the same park. Asserting that the assaults were one continuous act, the defendant argued for reversal of his three separate sexual battery convictions and sentences. This court affirmed, noting that:
However, the fact that the same victim is sexually battered in the same manner more than once in a criminal episode by *904 the same defendant does not conclusively prohibit multiple punishments. Spatial and temporal aspects are equally as important as distinctions in character and type in determining whether multiple punishments are appropriate.
Saavedra, 576 So.2d at 957. This court noted that Saavedra "had time to pause and reflect and form a new criminal intent between acts of penetration." Id. at 958.
In the instant case, the transcript attached by the trial court to its order shows that Burrows raped his victim in the bedroom, went into the living room where he sat on the couch for a period of time, whereafter he again raped her in the bedroom. Under Saavedra, the time separating the two acts, giving Burrows time for reflection, indicates that two distinct batteries occurred. We therefore affirm on this issue. However, because the court erred in assessing 80 points for victim injury on the sentencing guidelines scoresheet, we are compelled to vacate the sentence.
Victim injury points may not be assessed for each count of sexual battery where the offenses were committed on the same victim. Weekley v. State, 553 So.2d 239 (Fla. 3d DCA 1989); Carter v. State, 573 So.2d 426 (Fla. 5th DCA 1991). The "victim injury" portion of the sentencing guidelines scoresheet form used here assigns 40 points for "penetration or slight injury." The scoresheet indicates that 80 victim injury points were assessed, 40 for each count of sexual battery. Deducting 40 points from the original 507 point total results in a new score of 467, lowering the guidelines range by one cell. The new cell indicates a recommended range of 17-22 years, and a permitted range of 12-27 years.
Where a guidelines scoresheet error results in a reduced sentencing range of one cell or more, the sentence must be reversed and the case remanded for resentencing based upon a correctly calculated scoresheet. Canterbury v. State, 606 So.2d 504 (Fla. 1st DCA 1992); Deparvine v. State, 603 So.2d 679 (Fla. 1st DCA 1992). Only where a corrected scoresheet would place the defendant in the same cell or where the appellate court is clearly convinced that the defendant would have received the same sentence regardless of the error (such as where the sentence is a result of a valid plea bargain), may a scoresheet error be held harmless. Canterbury; Deparvine.
In the instant case, although the trial court could have legally sentenced Burrows to 27 years (the maximum permitted sentence under the corrected scoresheet), the record is not clear that the court would have imposed the same sentence in the absence of the scoresheet error. See Canterbury, 606 So.2d at 505; Deparvine, 603 So.2d at 680.
Accordingly, we vacate the sentence imposed and remand for resentencing based upon a corrected scoresheet.
MINER and ALLEN, JJ., concur.
NOTES
[1] Burrows received a one-year sentence for trespass, to run concurrent with the sentences imposed on the sexual battery counts.