662 So.2d 736 (1995)
Albert C. SPRANKLE, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02551.
District Court of Appeal of Florida, Second District.
November 1, 1995.
*737 PER CURIAM.
Albert C. Sprankle appeals the summary denial of his motion to correct illegal sentence. Of the two grounds stated, only his allegation that the court improperly included points on the guidelines scoresheet in violation of Karchesky v. State, 591 So.2d 930 (Fla. 1992), appears to have merit. We, therefore, affirm in part, but reverse and remand for further proceedings consistent with this opinion.
Sprankle asserted that in calculating his score for a lewd and lascivious act the court improperly included points for victim injury. In its order denying relief, the trial court concluded that Sprankle was not harmed by the inclusion of the additional points because the sentence imposed is still within the permitted range of punishment under the guidelines. This conclusion was reached despite the acknowledged fact that when the victim injury points are not applied, Sprankle's guidelines sentence would drop one cell.
This reasoning is obviously flawed. When a corrected scoresheet places the defendant in a different cell, the error cannot be presumed to be harmless, unless the record conclusively demonstrates that the trial court would have given the same sentence had it known the correct score. See, e.g., Singleton v. State, 620 So.2d 1038 (Fla.2d DCA 1993); Burrows v. State, 649 So.2d 902, 904 (Fla. 1st DCA 1995); Deparvine v. State, 603 So.2d 679 (Fla. 1st DCA 1992).
The trial court must resentence Sprankle using a corrected scoresheet; see Sellers v. State, 578 So.2d 339, 341 (Fla. 1st DCA), approved, 586 So.2d 340 (Fla. 1991), unless after reviewing the record or conducting an evidentiary hearing it determines that actual physical injury occurred. See Fulkroad v. State, 640 So.2d 1160, 1161 (Fla.2d DCA), review denied, 649 So.2d 235 (Fla. 1994).
Affirmed in part, reversed in part and remanded for further proceedings.
DANAHY, A.C.J., and CAMPBELL and LAZZARA, JJ., concur.