PER CURIAM.
Morris Williams has appealed the summary denial of his motion for postconviction relief. We affirm with an opinion to correct a misconception of the trial court.
Williams alleges that his sentence is illegal due to the assessment of victim injury points, when victim injury is not an element of his crime. The trial court struck the victim injury points, but indicated that as Williams’ sentence was still within the permissive range, resentencing was not necessary.
The victim injury points assessed against Williams were legal at the time of Williams’ offense. Rule 3.701(d)(7), (1992)[1] states: “[V]ictim injury shall be scored for each victim physically injured during a criminal episode or transaction, and for each count resulting in such injury whether there are one or more victims.” The supreme court indicated in its opinion, in Florida Rules of Criminal Procedure re Sentencing Guidelines (Rules 3.701 and 3.988), 509 So.2d 1088 (Fla.1987), that victim injury points were to be scored regardless of whether the injury was an element of the crime.
In addition, the court was incorrect when it asserted that the removal of victim injury points from Williams’ guideline score-sheet would not require resentencing. With the change in the victim injury points, Williams’ guideline score dropped one cell. Although his sentence still lies within the permitted range of the lower cell, he would be required to be resentenced. See Sprankle v. State, 662 So.2d 736 (Fla. 2d DCA 1995).
We affirm the trial court’s denial of relief to Williams since victim injury points were correctly assessed on his guideline score-sheet.
Affirmed.
CAMPBELL, A.C.J., and FRANK and ALTENBERND, JJ., concur.

. The effective date of this change was July 1, 1988.