PER CURIAM.
Appellant was charged with trafficking in cocaine in an amount greater than 200 grams but less than 400 grams. The jury convicted him of the lesser included offense of attempted trafficking in cocaine in an amount greater than 200 grams but less than 400 grams. On his sentencing guidelines scoresheet appellant received 36 points for the primary offense of attempted trafficking, which was described as a severity level 6 crime. The court imposed the drug trafficking multiplier of 1.5, which raised appellant’s points to 54. This placed appellant in a sentencing range of 19íé to 32/é months incarceration. Appellant was sentenced to 30 months imprisonment, with credit for time served, to be followed by three years probation. The state concedes error in the trial court’s use of the drug trafficking multiplier. We reverse and remand for resentencing.
Appellant’s offense was committed on July 1, 1995. Therefore, his sentence is governed by Florida Rule of Criminal Procedure 3.702. There are two reasons why appellant’s points were not subject to the drug trafficking multiplier.
First, the drug trafficking multiplier is applicable for level 7 or 8 offenses. See § 921.0014, Fla.Stat. (1993). There is no dispute that appellant’s offense was properly characterized as a severity level 6 crime under the 1994 guidelines which are applicable to his offense.[1]
Second, rule 3.702(d)(14) provides for a multiplier where “the primary offense is drug trafficking under section 893.135.” There is no ease law interpreting whether this provision includes attempt to traffic where the conviction for attempt is as a lesser included offense of the charge of drug *1197 trafficking under section 893.135, as is the case here. Since the plain language of rule 3.702(d)(14) reads that it applies where the primary offense is “drug trafficking,” we conclude that the multiplier does not apply here where the primary offense upon which appellant was convicted and sentenced was attempted drug trafficking.
Thus, for either reason, the trial court erred in applying the 1.5 drug trafficking multiplier to appellant’s points. Accordingly, appellant must be resentenced upon a properly calculated scoresheet.
As appellant points out, based on his points without the multiplier (i.e., 36 points), the trial court upon remand may impose a non-state prison sentence or, using the discretionary 15% point total increase provision, a state prison sentence of not more than 13.4 months. See § 921.0014, Fla. Stat. (1993). The trial court may consider a departure sentence if appropriate because it was unaware that the imposed sentence was a departure. See State v. Betancourt, 552 So.2d 1107 (Fla.1989).
GUNTHER, C.J., and GLICKSTEIN and DELL, JJ., concur.

. Trafficking in cocaine in an amount greater than 200 grams but less than 400 grams is ranked as a level 8 severity. § 921.0012, Fla. Stat. (Supp.1994). Under rule 3.702(d)(6), attempts are scored at two severity levels below the completed offense. As the state points out, under Florida Rule of Criminal Procedure 3.703(c)(10), which applies to offenses committed after October 1, 1995, attempts are ranked only one severity level below the completed offense. Therefore, if appellant’s offense had been committed after October 1, 1995, it would have been ranked as a level 7 and the use of the multiplier would not have been objectionable based on this argument.