STEVENSON, J.
Appellant pled no contest to one count of escape, pursuant to section 944.40, Florida Statutes (1997), and to one count of grand theft auto, pursuant to section 812.014(2)(e), Florida Statutes (1997), and the trial court imposed concurrent sentences of 65 months in prison on the escape charge and 60 months on the grand theft auto charge. Appellant contends, and the State concedes, that appellant’s sentencing scoresheet improperly applied a 1.5 multiplier for grand theft auto which raised the total sentencing points from 74 to 111.
A defendant’s guidelines sentencing points should be multiplied by 1.5 when the primary offense is grand theft of the third degree and the offender’s prior record includes three or more grand theft convictions. See Fla. R.Crim. P. 3.703(d)(23). Because appellant’s primary offense was escape (a second degree felony and level six offense), and not grand theft auto (a third degree felony and level four offense), the trial court erroneously calculated appellant’s sentencing points utilizing the 1.5 multiplier. Cf. Henderson v. State, 689 So.2d 1196 (Fla. 4th DCA 1997)(holding that the trial court improperly used a drug trafficking multiplier to calculate the score of a defendant convicted of attempted drug trafficking because the multiplier is only applicable when the primary offense is drug trafficking).
Accordingly, we vacate the sentence imposed and remand for resentencing without utilizing the 1.5 multiplier. Upon resentenc-ing, the trial court may impose a sentence within the guidelines or use the discretionary twenty-five percent deviation. Additionally, the trial court may consider a departure sentence if appropriate since the trial court seems to have been unaware that it was imposing a departure sentence. See Henderson v. State, 689 So.2d at 1197.
REVERSED and REMANDED.
STONE, C.J., and POLEN, J., concur.