PER CURIAM.
Robert Horn appeals his convictions and sentences for sexual battery on a child under the age of twelve and lewd and lascivious act upon a child under sixteen. Horn raises three issues for review: (1) the trial court’s decision to allow child hearsay testimony; (2) the trial court’s finding that the child victim was competent to testify; and (3) the trial court’s calculation error in the sentencing guidelines scoresheet. We affirm as to the first two issues without further comment. However, we reverse the sentence because the sentencing guidelines scoresheet contained an error apparent on the face of the record.
In 1996, Horn was convicted of one count of sexual battery on a child under the age of twelve[1] and one count of lewd and lascivious act upon a child under sixteen.[2] At the conclusion of trial, Horn moved for judgment of acquittal based upon, among other claims, the prosecution’s failure to establish that Horn was eighteen years of age or older. The trial court partially granted the motion and ordered that Horn be convicted of the life felony of sexual battery on a child under the age of twelve by a person less than eighteen years of age. However, Horn’s judgment incorrectly states the degree of the crime as a capital felony. Additionally, Horn’s sentencing guidelines scoresheet contains an error which resulted in his offense being scored at 116 points instead of 91 points.
The State concedes that Horn’s sentencing guidelines scoresheet is incorrect. However, the State argues that Horn failed to preserve this issue in the trial court and thus is barred from raising it on direct appeal. We disagree and conclude that Horn can raise the issue on direct appeal.
In 1996, Florida Rule of Appellate Procedure 9.140 was amended to conform with sections 924.051(3) and (4), Florida Statutes. Under rule 9.140(d), a sentencing error can only be heard on direct appeal if the error was brought to the attention of the trial court at the time of sentencing or by motion pursuant to Florida Rule of Criminal Procedure 3.800(b). However, Horn was sentenced on April 17, 1996, which was prior to the July 1, 1996 effective date of rule 9.140(d) and section 924.051. Prior to July 1, 1996, a sentencing error that was apparent from the face of the record did not require a contemporaneous objection in order to be preserved for review. See State v. Montague, 682 So.2d 1085 (Fla.1996). It is apparent from the record that Horn’s sentencing guidelines scoresheet incorrectly scores the offense of sexual battery on a child under the age of twelve by a person less than eighteen years of age at 116 points and that the judgment mistakenly lists the degree of the crime as a capital felony instead of a life felony.
*730 Accordingly, we affirm the convictions but direct the trial court to correct the scrivener’s error in the judgment. We reverse the sentence and remand for re-sentencing upon correction of the guidelines scoresheet.
Affirmed in part, reversed in part, and remanded for resentencing with directions.
FULMER, A.C.J., and WHATLEY and STRINGER, JJ„ Concur.

. See § 794.011, Fla. Stat. (1995).

. See § 800.04, Fla. Stat. (1995).