BROWNING, J.
Appellant, David Hyman (Hyman), was originally placed on probation after convictions for possession of cocaine and drug paraphernalia. Subsequently, Hyman was convicted of a felony, aggravated assault. For this violation, Hyman’s probation was revoked, and he was sentenced to concurrent terms of community control to be followed by probation in both cases. Then, Hyman committed non-felony violations of his community control and was sentenced for the violations. For sentencing, the trial court assessed 24 community sanction violation points as urged by the State, contrary to Hyman’s position that only 18 community sanction violation points should be assessed. We agree with Hyman and reverse and remand for correction of Hy-man’s scoresheet and for resentencing.
The trial court is authorized to assess 12 community sanction violation points for Hyman’s felony conviction of aggravated assault, which resulted in a continuation of supervision, and 6 community sanction violation points for the subsequent non-felony violation. Fla. R.Crim. P. 3.703(17) (1998). The trial court, by assessing 24 community sanction violation points, impermissibly multiplied the assessment of community sanction violation points because there were two “counts” or “cases” against Hyman covered by the sentence. The statute and rule do not permit this. § 921.0024(l)(b), F.S. (1997); *567 see also Brown v. State, 741 So.2d 1242 (Fla. 1st DCA 1999) (on mot. for reh’g.).
The trial court’s error in assessing 24 community sanction violation points rather than 18 clearly prejudiced Hyman. Id. The trial court’s impermissible assessment of 24 points for scoresheet purposes effects a presumptive guidelines sentence of 59.8 months— the exact sentence imposed by the trial court. However, a correct assessment of 18 points by the trial court effects a presumptive guidelines sentence of 53.8 months. Because of the disparity between the two presumptive sentences, it cannot be said the trial court would not have imposed the lower presumptive sentence of 53.8 months, as authorized by the scoresheet, had 18 community sanction violation points been correctly assessed. In such case, the only appropriate remedy is resentencing by the trial court. Burrows v. State, 649 So.2d 902, 903 (Fla. 1st DCA 1995); Canterbury v. State, 606 So.2d 504 (Fla. 1st DCA 1992).
REVERSED and REMANDED for correction of Hyman’s scoresheet and for re-sentencing.
WOLF and DAVIS, JJ., CONCUR.