746 So.2d 1190 (1999)
David Horace HAMMETT, Appellant,
v.
STATE of Florida, Appellee.
No. 99-02978.
District Court of Appeal of Florida, Second District.
December 10, 1999.
*1191 PER CURIAM.
David Horace Hammett appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Hammett raises two grounds in support of his motion, only one of which we find has merit. We reverse and remand for resentencing on this issue only. The court's order is affirmed in all other respects.
Hammett contends, and the trial court conceded, that there had been a miscalculation on his sentencing scoresheet. The error consisted of an improper assessment of victim injury points, as well as an error in calculating points for prior offenses. The trial court found that, even though the error existed, the sentence still fell within the permissible guidelines range. Therefore, the court concluded that Hammett was not entitled to relief.
In reaching its conclusion, the trial court overlooked this court's holding in Sprankle v. State, 662 So.2d 736 (Fla. 2d DCA 1995). In Sprankle, the trial court denied a motion for postconviction relief. This court reversed, holding that when a corrected scoresheet places the defendant in a different cell, the error cannot be presumed to be harmless, unless the record conclusively shows the trial court would have imposed the same sentence had it known the correct score. See id. at 737. The holding in Sprankle is applicable to Hammett's claim under the sentencing guidelines. See Eblin v. State, 677 So.2d 388 (Fla. 2d DCA 1996).
Here, in the transcript of the plea colloquy attached to the motion, the trial court specifically stated it would sentence Hammett to the bottom of the guidelines. In keeping with this statement, the trial court imposed a sentence of 40.35 months, the minimum within the recommended range based upon the incorrect scoring. The range with the correct score would be 29.4 to 49 months. As the record does not conclusively demonstrate the trial court would have given Hammett the same sentence if the scoresheet had been properly calculated, we reverse and remand for resentencing on this issue only.
Affirmed in part, reversed in part, and remanded.
PATTERSON, C.J., and BLUE and DAVIS, JJ., Concur.