765 So.2d 273 (2000)
Richard J. HUDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-1958.
District Court of Appeal of Florida, First District.
August 16, 2000.
Nancy A. Daniels, Public Defender, and Judith Dougherty Hall, Assistant Public Defender, Tallahassee, Attorneys for Appellant.
Robert A. Butterworth, Attorney General, and Terri Leon-Benner, Assistant Attorney General, Tallahassee, Attorneys for Appellee.
PER CURIAM.
Appellant was charged with committing three counts of sexual battery with a deadly weapon or physical force likely to cause serious injury and one count of kidnapping on March 22, 1997. A jury found Appellant guilty of three separate counts of the lesser included offense of sexual battery with threat of force likely to cause serious *274 personal injury, and one count of the lesser included offense of false imprisonment.
Appellant raises several sentencing errors in this, his second direct appeal. See Hudson v. State, 732 So.2d 422 (Fla. 1st DCA 1999). Because we find Appellant's sentence exceeds the statutory maximum and constitutes fundamental error, we affirm in part and reverse in part. Maddox v. State, 760 So.2d 89 (Fla.2000).
First, Appellant claims he is entitled to resentencing in accordance with Heggs v. State, 759 So.2d 620 (Fla.2000). The State concedes error on this issue. We therefore vacate and reverse the sentence in its entirety, and remand for resentencing in accordance with the valid laws in effect on March 22, 1997, the date Appellant committed these offenses.
Appellant also claims the trial court erred in assessing 240 victim injury points, i.e., 80 points for each count of sexual battery. We agree with Appellant and reverse. "Victim injury points may not be assessed for each count of sexual battery where the offenses were committed on the same victim." Burrows v. State, 649 So.2d 902, 904 (Fla. 1st DCA 1995). We reverse and remand to the trial court to assess no more than 80 victim injury points to Appellant's guidelines scoresheet.
Appellant also claims he was wrongly assessed four legal status points, which the State argues is harmless error. Because we reverse and remand this case for resentencing, we direct the trial court to correct this error as well. We find the remaining issues raised on appeal to be without merit.
Accordingly, we vacate the sentence imposed and remand for resentencing in accordance with this opinion.
BARFIELD, C.J., BOOTH and WOLF, JJ., CONCUR.