779 So.2d 520 (2000)
Antonio B. GONZALES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-505.
District Court of Appeal of Florida, Second District.
December 13, 2000.
James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne S. Weiner, Assistant Attorney General, Tampa, for Appellee.
GREEN, Judge.
The appellant was sentenced under the 1995 guidelines that were found to be unconstitutional under Heggs v. State, 759 So.2d 620 (Fla.2000). We affirm the sentence.
Appellant's sentence was imposed after a hearing on a violation of probation. His sentence is at the bottom of the 1995 guidelines, but within the 1994 guidelines. Therefore, he is not entitled to resentencing under Heggs.
Affirmed.
BLUE, J., Concurs.
ALTENBERND, A.C.J., Concurs specially with an opinion in which BLUE, J., Concurs.
ALTENBERND, Acting Chief Judge, Concurring.
This result is required by the supreme court's decision in Heggs v. State, 759 So.2d 620 (Fla.2000). Mr. Gonzales pleaded nolo contendere in August 1996 to charges of aggravated battery and violation of a domestic violence injunction. Because he had no prior record, he received a year in county jail and 2 years' probation. He violated his probation by several actions that were not new substantive offenses. Although Judge Pack concluded that these rather technical violations warranted a revocation of probation and a new term of imprisonment, he sentenced Mr. Gonzales to 39 months' imprisonment, the shortest possible sentence on the scoresheet.
There is no dispute that the trial court used an unconstitutional 1995 scoresheet when it sentenced Mr. Gonzales on February 10, 2000. If the trial court had relied upon a correct 1994 scoresheet, his score would have been 14 points lower. Thus, the trial court could have imposed a sentence as short as 25 months' imprisonment. Even if the trial court had chosen to impose a sentence longer than the minimum sentence under the 1994 scoresheet, it is very likely that Mr. Gonzales would have fully served that sentence by today.[1] *521 Moreover, the supreme court issued its decision in Heggs on February 17, 2000. See 759 So.2d 620. Had Mr. Gonzales been sentenced a few days later, the trial court would have been obligated to use the proper 1994 scoresheet.
Nevertheless, under Heggs, Mr. Gonzales is not entitled to relief because the 39-month sentence would not be an upward departure sentence under the 1994 guidelines. In other words, although Mr. Gonzales' sentence is "erroneous" due to an error of law, he is not entitled to relief on direct appeal because his sentence is not "illegal." See State v. Callaway, 658 So.2d 983, 987-88 (Fla.1995), receded from on other grounds, Dixon v. State, 730 So.2d 265 (Fla.1999); Judge v. State, 596 So.2d 73, 76-77 (Fla. 2d DCA 1992) (en banc).
The error in this case is of constitutional dimension. It is also a facial scoresheet error. Prior to Heggs, when a scoresheet error reached this magnitude, appellate courts in Florida regularly reversed sentences and required the trial court to resentence the defendant with a correct scoresheet. See, e.g., Sellers v. State, 578 So.2d 339, 341 (Fla. 1st DCA 1991); Drayton v. State, 744 So.2d 584 (Fla. 2d DCA 1999); Horn v. State, 736 So.2d 728 (Fla. 2d DCA 1999); White v. State, 728 So.2d 322 (Fla. 2d DCA 1999); Carter v. State, 705 So.2d 582 (Fla. 2d DCA 1997); Vitanzo v. State, 750 So.2d 662 (Fla. 1st DCA 1999); Hayes v. State, 748 So.2d 1042 (Fla. 3d DCA 1999); Campbell v. State, 745 So.2d 399 (Fla. 1st DCA 1999); Hyman v. State, 744 So.2d 566 (Fla. 1st DCA 1999); Spioch v. State, 742 So.2d 817 (Fla. 5th DCA 1999); Jimerson v. State, 724 So.2d 170 (Fla. 4th DCA 1998); Lane v. State, 722 So.2d 288 (Fla. 5th DCA 1998). If we were correct in ordering resentencing for such errors when they were not of constitutional dimension, with all due respect to the supreme court, it is difficult to understand why Mr. Gonzales is not entitled to be resentenced in this case. The creation of the "illegal sentence" standard of review in Heggs to measure or determine whether a sentencing error is harmful on direct appeal will create confusion about the appropriate standard of review under which to determine the harmfulness of other sentencing errors in the future.
NOTES
[1] Mr. Gonzales had already earned 585 days of jail credit by the time of this sentencing.