830 So.2d 262 (2002)
Robert McCRANEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3240.
District Court of Appeal of Florida, Fifth District.
November 15, 2002.
Robert McCraney, Crawfordville, pro se.
No Appearance for Appellee.
PER CURIAM.
We affirm the summary denial of McCraney's Florida Rule of Criminal Procedure 3.800(a) motion, seeking to correct an illegal sentence.[1] In essence, McCraney attacks his convictions for robbery, aggravated assault and grand theft, on double jeopardy grounds. The trial court found he had waived double jeopardy claims because he entered into a negotiated plea.
Double jeopardy challenges are not cognizable in a rule 3.800(a) proceeding because they are attacks on the underlying convictions, not the sentences. See Sanders v. State, 621 So.2d 723 (Fla. 5th DCA 1993), rev. denied, 629 So.2d 135 (Fla. 1993); State v. Spella, 567 So.2d 1051 (Fla. 5th DCA 1990).
Further, the time for McCraney's filing of a motion pursuant to rule 3.850 has long passed.
AFFIRMED.
COBB, SHARP, W., and ORFINGER, R.B., JJ., concur.
NOTES
[1] The defendant filed his motion pursuant to Florida Rule of Criminal Procedure 3.850. Because his attack on his 1991 conviction and sentence was well beyond the time limit for filing a rule 3.850 motion, the trial court treated the motion as a rule 3.800(a) motion to correct an illegal sentence.