833 So.2d 169 (2002)
Lee Neuland JUPITER, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 1D00-5034.
District Court of Appeal of Florida, First District.
November 15, 2002.
Rehearing Denied December 23, 2002.
Robert Augustus Harper and Jason Michael Savitz of Robert Augustus Harper Law Firm, P.A., Tallahassee, for Appellant/Cross-Appellee.
Robert A. Butterworth, Attorney General; Robert L. Martin, Assistant Attorney General, Tallahassee, for Appellee/Cross-Appellant.
WEBSTER, J.
In this direct criminal appeal, appellant claims that the trial court abused its discretion when it denied a motion for a mistrial and a subsequent motion seeking a new trial. The state cross-appeals, pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(J), claiming that the trial court erred when it refused to assess on the sentencing guidelines scoresheet victim injury points for distinct injuries sustained by a single victim as the result of separate offenses. Because we conclude that appellant has failed to demonstrate that the trial court abused its discretion, we affirm as to the two issues raised by him without further discussion. As to the state's crossappeal, while the trial court correctly applied a prior decision of this court, we now recede, en banc, from that decision. Accordingly, we vacate appellant's sentence and remand for resentencing.
Appellant was convicted, following a jury trial, of conspiracy to kidnap, false imprisonment and third-degree murder, all of which were committed in December 1997, and all of which involved the same victim. At sentencing, the state argued that victim injury points should be assessed on the guidelines scoresheet for both the false imprisonment and the murder convictions. Relying on Hudson v. State, 765 So.2d 273 (Fla. 1st DCA 2000), a then recent decision *170 by this court, appellant's lawyers argued that victim injury points could be assessed only for one offense committed against a particular victim. After reading the Hudson decision and listening to additional argument, the trial court reluctantly concluded that, although Hudson appeared to be irreconcilable with the clear language of the applicable rule of criminal procedure, it was obliged to follow Hudson. Accordingly, the trial court assessed points for the third-degree murder conviction, but not for the false imprisonment conviction. Our standard of review for this ruling involving a pure issue of law is de novo. Rittman v. Allstate Ins. Co., 727 So.2d 391, 393 (Fla. 1st DCA 1999).
Because the offenses for which appellant was convicted were committed in December 1997, the applicable Florida Rule of Criminal Procedure is rule 3.703(d)(9). Compare Fla. R.Crim. P. 3.703(a) ("This rule applies to offenses committed on or after October 1, 1995") with Fla. R.Crim. P. 3.704(a) ("This rule applies to offenses committed on or after October 1, 1998"); see also Heggs v. State, 759 So.2d 620 (Fla.2000) (holding that the 1995 sentencing guidelines were unconstitutional because they were passed by the legislature in violation of the "single subject rule"); Trapp v. State, 760 So.2d 924 (Fla.2000) (holding that the "window" for a Heggs challenge to the 1995 sentencing guidelines opened on October 1, 1995, and closed on May 24, 1997). Florida Rule of Criminal Procedure 3.703(d) reads, in pertinent part:
(9) "Victim injury" is scored for physical injury or death suffered by a person as a direct result of any offense pending before the court for sentencing. Except as otherwise provided by law, the sexual penetration and sexual contact points will be scored as follows. Sexual penetration points are scored if an offense pending before the court for sentencing involves sexual penetration. Sexual contact points are scored if an offense pending before the court for sentencing involves sexual contact, but no penetration. If the victim of an offense involving sexual penetration or sexual contact without penetration suffers any physical injury as a direct result of an offense pending before the court for sentencing, that physical injury is to be scored in addition to any points scored for the sexual contact or sexual penetration.

Victim injury shall be scored for each victim physically injured and for each offense resulting in physical injury whether there are one or more victims. However, victim injury shall not be scored for an offense for which the offender has not been convicted.
(Emphasis added.) Similarly, section 921.0011(7)(a), Florida Statutes (1997) (which relates to sentencing guidelines), provides that "`[v]ictim injury' means the physical injury or death suffered by a person as a direct result of the primary offense, or any additional offense, for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense."
As the trial court noted, the language of rule 3.703(d)(9) appears to be clear and unambiguous"Victim injury shall be scored for each victim physically injured and for each offense resulting in physical injury whether there are one or more victims." "Our courts have long recognized that the rules of construction applicable to statutes also apply to the construction of rules.... Thus, when the language [of a rule] is unambiguous, it must be accorded its plain and ordinary meaning." Brown v. State, 715 So.2d 241, 243 (Fla.1998) (citations omitted).
Courts had construed the pertinent portions of the rules of criminal procedure in *171 existence prior to 1991 as prohibiting the scoring of victim injury points for more than one offense when only a single victim was involved. See Lowe v. State, 742 So.2d 350, 351 (Fla. 5th DCA 1999) (citing cases). However, in 1991, the rule (rule 3.701(d)(7)) was amended to require that victim injury points be assessed "for each count resulting in [a physical] injury whether there are one or more victims." Florida Rules of Criminal Procedure re: Sentencing Guidelines (Rules 3.701 and 3.988), 576 So.2d 1307, 1310 (Fla.1991). Moreover, the Committee Note to that amendment removed any possible ambiguity regarding intent: "The purpose of the... revision is to provide consistency in the scoring of victim injury by scoring for each offense at conviction for which victim injury can appropriately be scored, whether committed against a single victim or multiple victims." Id.
Notwithstanding the clarity of rule 3.703(d)(9) and its predecessors dating back to 1991, in Hudson v. State, 765 So.2d 273 (Fla. 1st DCA 2000), this court reversed the assessment of victim injury points for each of three counts of sexual battery committed on a single victim on March 22, 1997, holding that points could be assessed for only one count. Because the offenses in Hudson occurred within the Heggs "window," rule 3.702(d)(5) controlled"Victim injury shall be scored for each victim physically injured and for each offense resulting in physical injury whether there are one or more victims." However, the Hudson court did not cite the rule. Instead, it cited as the sole authority for its holding Burrows v. State, 649 So.2d 902 (Fla. 1st DCA 1995). Unfortunately, the Hudson court failed to note that Burrows' convictions were for offenses committed several years prior to the adoption, in 1991, of the rule amendment requiring that points be scored for each offense resulting in injury even if only one victim is involved. As discussed above, prior to 1991, the pertinent portions of the criminal procedure rules had been construed as prohibiting the scoring of points for more than one offense when only a single victim was involved. See Lowe, 742 So.2d at 351 (citing cases). Therefore, the decision in Burrows was inapplicable to the situation presented by the facts in Hudson. Nevertheless, the trial court correctly concluded that it was obliged to follow Hudson. See State Farm Mut. Auto. Ins. Co. v. Adair, 722 So.2d 958, 961 n. 4 (Fla. 3d DCA 1998) (while trial courts are free to express their disagreement with binding precedent of their district, they are obliged to follow it unless it is contrary to supreme court precedent), disapproved on other grounds in Allstate Ins. Co. v. Boecher, 733 So.2d 993, 1000 (Fla.1999).
Because Hudson failed to recognize the effect of the clear language of the applicable rule of criminal procedure requiring that victim injury points be scored for each offense even if only a single victim is involved, we recede from that decision. In this case, we hold that rule 3.703(d)(9) requires the trial court to score victim injury points for injuries sustained by the victim and attributable to both the false imprisonment and the third-degree murder convictions. Accordingly, we vacate appellant's sentences and remand for resentencing. In all other respects, we affirm.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ALLEN, C.J., ERVIN, BOOTH, BARFIELD, MINER, WOLF, KAHN, DAVIS, BENTON, VAN NORTWICK, PADOVANO, BROWNING, LEWIS and POLSTON, JJ., CONCUR.