854 So.2d 215 (2003)
STATE of Florida, Appellant,
v.
James WILLIAMS, Jr., Appellee.
No. 1D02-946.
District Court of Appeal of Florida, First District.
July 21, 2003.
*216 Charlie Crist, Attorney General; Barbara J. Yates, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellant.
Nancy A. Daniels, Public Defender; Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellee.
PER CURIAM.
In March 1997, Appellee James Williams, Jr., was convicted of two counts of sexual battery and one count of false imprisonment. Appellee was sentenced to concurrent sentences of 107.1 months on each of the sexual battery convictions and 60 months for false imprisonment. Appellee's convictions and sentence were affirmed on direct appeal and his convictions became final on February 5, 1998. Williams v. State, 710 So.2d 556 (Fla. 1st DCA 1998). In April 2001, Appellee filed a motion pursuant to Fla. R.Crim. P. 3.800(a), arguing: (i) his sentence violated double jeopardy because there was an insufficient spatial and temporal break between acts of digital and penile penetration to sustain two separate sexual battery convictions, and (ii) it was error to assess 80 victim injury points when the two sexual battery offenses for which he was convicted involved only one victim.
The trial court granted Appellee's motion. On resentencing, the trial court struck one count of sexual battery from his judgment and sentence and directed the corresponding points removed from the guideline scoresheet because of double jeopardy. The trial court also directed that the scoresheet reflect only 40 victim injury points because only one victim was involved, citing Hudson v. State, 765 So.2d 273 (Fla. 1st DCA 2000). Appellee was resentenced to 69.9 months in prison.
*217 Appellant, the State of Florida, appeals the trial court's orders granting Appellee's 3.800 motion.[1] The State argues that Appellee's double jeopardy claim is a claim against his conviction rather than sentence, and is therefore barred because he failed to bring it in a timely filed motion filed pursuant to Fla. R.Crim. P. 3.850.[2] The State also argues that the trial court improperly subtracted 40 points from Appellee's scoresheet because Fla. R.Crim. P. 3.702(d)(5), in effect when Appellee committed the two sexual batteries, provides that victim injury shall be scored for each victim physically injured and for each offense resulting in physical injury whether there are one or more victims. We agree with the State on these issues and reverse.

I.
The trial court erred in considering Appellee's motion pursuant to Rule 3.800 and in granting his motion to set aside one of his convictions for sexual battery. Appellee's claim constitutes, in reality, a challenge to his convictions rather his sentence. See Robinson v. State, 816 So.2d 146 (Fla. 1st DCA 2002)(holding that appellant's collateral attacks on double jeopardy grounds were time barred, citing Ferenc v. State, 563 So.2d 707 (Fla. 1st DCA 1990) and Gandy v. State, 560 So.2d 1363 (Fla. 1st DCA 1990)); see also McCraney v. Florida, 830 So.2d 262 (Fla. 5th DCA 2002)(holding that "double jeopardy challenges are not cognizable in a rule 3.800(a) proceeding because they are attacks on the underlying convictions, not the sentences"); Wiley v. State, 604 So.2d 6 (Fla. 1st DCA 1992)(same).
Because Rule 3.800 provides only an avenue for correcting, modifying, or reducing a sentence, appellee's post-conviction challenge to his conviction should have been raised in a timely filed motion pursuant to Rule 3.850, which allows a defendant to attack either sentence or conviction. Because Appellee's motion was filed more than two years after his convictions became final, we agree with the State that Appellee's double jeopardy claim is time barred.

II.
In Jupiter v. State, 833 So.2d 169 (Fla. 1st DCA 2002)(en banc), review denied, 847 So.2d 977 (Fla. 2003), this court receded from Hudson and held that victim injury points should be assessed for each injury even though the offenses involve a single victim. In Jupiter, the trial court, relying on Hudson as in this case, refused to assess victim injury points for distinct injuries sustained by a single victim as the result of Jupiter's convictions for false imprisonment and third degree murder. This court ruled that the trial judge erred in failing to score victim injury points for injuries attributable to both the false imprisonment and the third-degree murder convictions and remanded to the trial court for resentencing. As in Jupiter, although the trial court correctly applied a prior decision of this court, we hold that victim injury points should be assessed for each injury even though the offenses involve a single victim. Accordingly, the trial court erred in striking 40 points from Appellee's sentencing guidelines scoresheet.
*218 Therefore, we REVERSE the trial court's orders and REMAND for resentencing with directions.
WEBSTER, PADOVANO and POLSTON, JJ., CONCUR.
NOTES
[1] Because the State's appeal of the trial judge's initial ruling striking 40 points from Appellee's guideline scoresheet was pending at the time the court revisited William's second claim, the trial court considered Appellee's motion pursuant to Rule 3.800(b).
[2] The State also argues that the time between the two acts of penetration was sufficient to establish two separate and distinct sexual batteries. Because we reverse on other grounds, we do not reach that issue.