PER CURIAM.
Appellant, Dereck S. Sailor, was convicted by jury of attempted armed carjacking and manslaughter without a firearm. The trial judge initially imposed a sentence of fifteen years imprisonment followed by fifteen years probation. On appeal, the sentence was vacated and the case was remanded for sentencing under the 1994 guidelines. Sailor v. State, 816 So.2d 182 (Fla. 1st DCA), review denied, 833 So.2d 774 (Fla.2002). On resentencing, the scoresheet scored victim injury points for death twice.[1] The total score allowed a sentence of up to 178 months. The trial judge sentenced appellant to fourteen years in prison for the attempted armed carjacking conviction followed by eight years probation for the manslaughter conviction.
Appellant argues on appeal that the trial judge erred in scoring victim injury twice because there was only one injury.[2] We agree. Florida Rule of Criminal Procedure 3.702(d)(5), regarding victim injury, provides that victim injury “is scored for physical injury or death suffered by a person as a direct result of any offense pending before the court for sentencing.... Victim injury shall be scored for each victim physically injured and for each offense resulting in physical injury whether there are one or more victims.”
The State’s reliance on Jupiter v. State, 833 So.2d 169 (Fla. 1st DCA 2002), is misplaced. Jupiter was convicted of conspiracy to kidnap, false imprisonment, and third-degree murder, all of which involved a single victim. The trial judge, relying on an earlier decision of this Court, assessed victim injury points only for the third-degree murder conviction. The issue raised by the State on cross-appeal was whether the “trial court erred when it refused to assess on the sentencing guidelines scoresheet victim injury points for distinct injuries sustained by a single victim as the result of separate offenses.” Id. (Emphasis added). The State contended victim injury points should be assessed for both the false imprisonment and the murder convictions. This Court considered the issue en banc and held that rule 3.703(d)(9) required the trial court to score victim injury points for injuries sustained by the victim and attributable to both the *740 false imprisonment and the third-degree murder convictions.[3] The decision in Jupiter recognized the effect of the 1991 rule amendment and held that victim injury points may be assessed for each offense resulting in. injury, even if there is only one victim.. The decision does not stand for the proposition that victim injury points may.be assessed for each offense for which a defendant is convicted, even though only one injury occurs.
In the present case, there was only one injury. Accordingly, the trial court erred in assessing victim injury points for death twice. Accordingly, we vacate appellant’s sentence and remand for resentencing.[4]
BARFIELD, KAHN, and HAWKES, JJ., CONCUR.

. The evidence at trial established that a gun was discharged one time during an attempted carjacking, and that the victim received one injury, the gunshot wound to the head that caused his death.

. Appellant filed a motion to correct sentence, asserting the guidelines rules did not authorize scoring the same injury twice. This motion was not ruled on within sixty days and was thus deemed denied.

. As noted in Jupiter, the pertinent portions of the criminal procedure rules prior to 1991 had been construed as prohibiting the scoring of points for more than one offense when only a single victim was involved. However, in 1991, the rule was amended to require that victim injury points be assessed for each count resulting in a physical injury whether there are one or more victims. Notwithstanding the amendment of the rule, this court in Hudson v. State, 765 So.2d 273 (Fla. 1st DCA 2000), reversed the assessment of victim injury points for each of three counts of sexual battery committed on a single victim in 1997, holding that points could be assessed for only one count. The Hudson court relied on a decision involving offenses occurring before the 1991 amendment. Therefore, the Court sitting en banc receded from the decision in Hudson.

. The remaining issue raised on appeal is without merit.