# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3415

_____

ADRIAN P. SMITH,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Mark Borello, Judge.

April 25, 2018

B.L. THOMAS, C.J.

Appellant was convicted of manslaughter by culpable negligence and sentenced to 30 years' imprisonment, with a 15-year minimum-mandatory term, and designated as an Habitual Felony Offender and Prison Releasee Reoffender. At trial, the jury found by special interrogatory that the victim's death was "caused by the neglect of [Appellant], a caregiver."

The victim was a four-month-old infant. Appellant forcibly thrust a baby wipe down the infant's mouth and into his throat so deeply that he asphyxiated. The emergency room physician had to remove the foreign object from the infant's mouth with forceps. Expert testimony established that the infant could not have

ingested the wipe on his own volition. The foreign object had blood on it that was attributed to an injury to the infant's mouth, a torn frenulum, that bled on the wipe as it was forcibly shoved into the infant's throat.

Although Appellant was charged with second-degree murder, the jury returned a verdict of guilt for the lesser-included crime of manslaughter. This court affirmed Appellant's conviction and sentence, without opinion, in *Smith v. State,* 25 So. 3d 1229 (Fla. 1st DCA 2010). In Appellant's first collateral case, he claimed defense counsel was ineffective and sought relief under Florida Rule of Criminal Procedure 3.850. That motion was denied by the trial court, and this court affirmed, without opinion, in *Smith v. State,* 129 So. 3d 1072 (Fla. 1st DCA 2013).

Appellant's second postconviction motion was filed under Florida Rule of Criminal Procedure 3.800(a), where he asserted that the trial court improperly designated him as a Prison Releasee Reofffender, because he had not been released from prison within three years of the date he committed the manslaughter. The trial court denied the claim. This court affirmed in *Smith v. State,* 151 So. 3d 44 (Fla. 1st DCA 2014), *rev. denied,* 163 So. 3d 513 (Fla. 2015), where we held that Appellant did qualify for the designation as a Prison Releasee Reoffender, based on his return to prison for a violation of conditional release and his subsequent second release from prison within three years of the date of the crime.

In this collateral appeal, Appellant's fourth appearance in this court, he asserts that his Habitual Felony Offender designation is an illegal sentence under Florida Rule of Criminal Procedure 3.800(a), because one of his qualifying felonies, a 1996 conviction for attempted burglary, was not valid. Appellant relies on *Heggs v. State,* 759 So. 2d 620, 627 (Fla. 2000), where the Florida Supreme Court held that Chapter 95-184, Laws of Florida, violated the single-subject rule of Article III, section 6 of the Florida Constitution. We note that in *Heggs*, the supreme court held that certain sentences imposed under the legislation were invalid during a very limited time period, which expired approximately two decades ago.

2

Regardless, Appellant cannot challenge his Habitual Felony Offender sentence in an unrelated case by attempting to attack the 1996 *conviction* for burglary used to habitualize him under Florida Rule of Criminal Procedure 3.800. Appellant was required to move to vacate his 1996 conviction in a separate proceeding, filed under Florida Rule of Criminal Procedure 3.850, within two years of the date his conviction became final. But a motion attacking the 1996 conviction would clearly be untimely at this point.

As we stated in *State v. Williams*, 854 So. 2d 215 (Fla. 1st DCA 2003), and reiterate here, rule 3.800(a) does not authorize a legal challenge to a conviction: "Because Rule 3.800 provides only an avenue for correcting, modifying, or reducing a sentence," Appellant's challenge to an underlying conviction could not be considered in the trial court under this limitation of Florida Rule of Criminal Procedure 3.800. *Id.* at 217.

Thus, although it was not the reason for the trial court's ruling denying relief here, we affirm on this basis. *See Childers v. State,* 936 So. 2d 585, 587 (Fla. 1st DCA 2006), *rev. denied,* 939 So. 2d 1057 (Fla. 2006) (affirming trial court ruling on different ground under "tipsy coachman" doctrine).

AFFIRMED.

WOLF and RAY, JJ., concur.

--------------------------------

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

--------------------------------

Adrian P. Smith, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Barbara Debelius, Assistant Attorney General, Tallahassee, for Appellee.